■ REGENCY HOUSE, INC., et al., Respondents, v CITIBANK, N. A., Appellant. [610 NYS2d 535] —In an action purportedly to recover damages for negligence, the defendant appeals from

(1) an order of the Supreme Court, Queens County (Milano, J.), dated December 1, 1992, which denied its motion to dismiss the complaint for failure to state a cause of action, and (2) an order of the same court, dated January 20, 1993, which denied its motion to dismiss the amended complaint for failure to state a cause of action.

Ordered that the order dated January 20, 1993, is reversed, on the law, the defendant's motion to dismiss is granted, and the amended complaint is dismissed; and it is further,

Ordered that the appeal from the order dated December 1, 1992, is dismissed as academic in light of our determination on the appeal from the order dated January 20, 1993; and it is further,

Ordered that the defendant is awarded one bill of costs.

In a related action, the plaintiffs successfully established that they collectively own 75% of the shares of stock in Regency House, Inc., the corporate plaintiff herein *(see, Lewis v Regency House,* 202 AD2d 645 [decided herewith]). Prior to the commencement of that action, the property of Regency House, Inc., had been mortgaged to secure a loan extended by Citibank, N. A., the defendant in the instant action, to Catherine and Joseph Best. The loan document named only the Bests as borrowers. The loan was intended, and was in fact used, for the purchase of Regency House, Inc., by the Bests.

At approximately this time, the Bests had received sums of money from the individual plaintiffs herein, with the understanding that this would entitle those plaintiffs to an ownership interest in Regency House, Inc. Nevertheless, at all times the Bests represented themselves to the defendant as the sole purchasers of Regency House, Inc.

After a default, the defendant foreclosed on its mortgage.

The plaintiffs now seek to hold the defendant for its alleged "negligence" in "aiding and abetting" a scheme to defraud them by the Bests. The Supreme Court denied the defendant's motion to dismiss for failure to state a cause of action. We reverse. At the time the defendant loaned money to the Bests and accepted the mortgage as security, no circumstances were present which would put it on notice that anyone but the Bests had an ownership interest in Regency House, Inc. The Bests were the only individuals named as buyers on the contract of sale of Regency House, Inc. A stockholder resolution that was presented at the closing named the Bests as sole and equal owners of Regency House, Inc. Moreover, in a letter

produced at the closing, counsel for Regency House, Inc., represented to the defendant that the Bests were the sole shareholders of Regency House, Inc. Under such circumstances, the plaintiffs have not established the existence of any duty owed them by the defendant. Nor have the plaintiffs alleged any duty arising subsequent to the execution of the mortgage (see, Banking Law § 134 [5]). Therefore, the plaintiffs' cause of action, which sounds in negligence, must be dismissed (cf., *Collision Plan Unlimited v Bankers Trust Co.,* 63 NY2d 827, 830-831; see also, *Bowery Sav. Bank v 130 E. 72nd St. Realty Corp.,* 173 AD2d 364). Bracken, J. P., O'Brien, Pizzuto and Altman, JJ., concur.