VALLEY FORGE INSURANCE COMPANY et al., Respondents, v ACE AMERICAN INSURANCE COMPANY, Appellant, and HAKS ENGINEERS, P.C., et al., Respondents. [913 NYS2d 289]—

In an action, inter alia, for a judgment declaring that the defendant ACE American Insurance Company is obligated to defend and indemnify the defendant Haks Engineers, P.C., in an underlying personal injury action entitled *Cunha v City of New York*, commenced in the Supreme Court, Kings County, under index No. 49367/02, the defendant ACE American Insurance Company appeals from an order of the Supreme Court, Kings County (Ambrosio, J.), dated April 27, 2009, which granted the separate motions of the defendant Haks Engineers, P.C., and the plaintiffs for summary judgment declaring that it is obligated to defend and indemnify Haks Engineers, P.C., in the underlying personal injury action, and denied its cross motion for summary judgment declaring that it is not required to defend and indemnify Haks Engineers, P.C., in the underlying personal injury action.

Ordered that the order is affirmed, with one bill of costs to the plaintiffs and to the defendant Haks Engineers, P.C., appearing separately and filing separate briefs, and the matter is

remitted to the Supreme Court, Kings County, for the entry of an appropriate declaratory judgment.

The motions and cross motion for summary judgment in the Supreme Court related solely to whether the defendant ACE American Insurance Company (hereinafter ACE) was required to defend and indemnify its insured, the defendant Haks Engineers, P.C. (hereinafter Haks), in the underlying personal injury action, and the order appealed from determined only ACE's obligations to Haks. On appeal, ACE concedes that it did not timely disclaim coverage under Insurance Law § 3420 (d) and was therefore obligated to defend and indemnify Haks in the underlying action. Nonetheless, ACE argues that its failure to timely disclaim with respect to Haks is irrelevant with respect to its dispute with the plaintiffs over their respective responsibilities to Haks (*see Bovis Lend Lease LMB, Inc. v Royal Surplus Lines Ins. Co.*, 27 AD3d 84, 90-92 [2005]).

The relief ACE seeks on this appeal, essentially a declaration of its rights with respect to the plaintiffs, rather than with respect to Haks, was not the subject of the motions in the Supreme Court. Consequently, ACE's current contentions are not properly before this Court.

We remit the matter to the Supreme Court, Kings County, for the entry of an appropriate declaratory judgment (*see Lanza v Wagner*, 11 NY2d 317, 334, *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Fisher, J.P., Florio, Chambers and Hall, JJ., concur.