JEROME WINKLER et al., Respondents, v BATTERY TRADING, INC., et al., Defendants, and JP MORGAN CHASE BANK, N.A., as Successor to WASHINGTON MUTUAL BANK, Appellant. [934 NYS2d 199]—

The complaint alleged that, in or around late 2006 and early 2007, the plaintiffs loaned the total sum of $656,727 to the defendant Battery Trading, Inc. (hereinafter BTI), an alleged "shell" corporation. The complaint further alleged that the defendant Yosef Frommel, together with BTI and nonparty Ronald Roth, induced the plaintiffs to make these loans by showing them invoices or purchase orders from certain retail outlets, as well as a warehouse containing goods covered by the invoices or purchase orders, even though such invoices or purchase orders were, in fact, fraudulent inasmuch as they were not based on any bona fide orders or promises to purchase the goods in the warehouse and, consequently, the goods in the warehouse were not the subject of any purchase agreement.

As is relevant here, the complaint alleged, inter alia, that the defendant JP Morgan Chase Bank, N.A., as successor to Washington Mutual Bank (hereinafter Chase), acquired certain assets and liabilities of Washington Mutual Bank (hereinafter Washington Mutual) from the Federal Deposit Insurance Corporation acting as receiver, and that BTI and Frommel maintained accounts with Washington Mutual. The complaint further alleged that Washington Mutual knew or should have known that the actions of BTI, Frommel, and Roth were fraudulent.

Chase moved pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against it on the grounds that neither it nor its predecessor, Washington Mutual, had any duty to noncustomers and that the complaint failed to allege that Washington Mutual assisted Frommel and Roth in their fraudulent scheme. The Supreme Court denied the motion without prejudice, in effect, to renewal after the completion of discovery. We reverse.

When determining a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7), the pleading must be afforded a liberal construction, and the facts alleged in the complaint must be accepted as true, with the plaintiff accorded the benefit of every favorable inference (*see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]). In addition, the court must determine only whether the facts as alleged in the complaint fit within any cognizable legal theory (*see Sanford/Kissena Owners Corp. v Daral Props., LLC*, 84 AD3d 1210, 1211 [2011]). To plead a cause of action to recover damages for aiding and abetting fraud, the complaint must allege the existence of an underlying fraud, knowledge of the fraud by the aider and abettor, and substantial assistance by the aider and abettor in the achievement of the fraud (*see Stanfield Offshore Leveraged Assets, Ltd. v Metropolitan Life Ins. Co.*, 64 AD3d 472, 476 [2009]).

The only actual fraud pleaded in the complaint with sufficient particularity (*see* CPLR 3016 [b]) related to Frommel's and Roth's presentation to the plaintiffs of false retail purchase orders or invoices, and the display of the content of a warehouse which supposedly contained goods covered by the retail purchase orders or invoices. In making the loans, the plaintiffs allegedly relied upon the false purchase orders or invoices, as corroborated by the items depicted in the warehouse display. Although we afford the complaint a liberal construction, accept the alleged facts as true, and accord the plaintiffs every favorable inference, and we recognize that the complaint alleged that Washington Mutual failed to investigate BTI's account activity

and place a restraint on BTI's and Frommel's accounts, the complaint is devoid of any allegation that Washington Mutual furnished "substantial assistance" to the achievement of the underlying fraud, or that Washington Mutual or Chase, as its successor, participated in the underlying fraud (*Sanford/Kissena Owners Corp. v Daral Props., LLC,* 84 AD3d at 1212; *see Stanfield Offshore Leveraged Assets, Ltd. v Metropolitan Life Ins. Co.,* 64 AD3d at 476; *see also In re Agape Litig.,* 681 F Supp 2d 352, 365 [2010]; *Rosner v Bank of China,* 528 F Supp 2d 419, 427 [2007] ["fact that participants use accounts at a bank to perpetrate it . . . does not . . . rise to the level of substantial assistance"]; *Ryan v Hunton & Williams,* 2000 WL 1375265, \*9, 2000 US Dist LEXIS 13750, \*25 [ED NY 2000]; *UniCredito Italiano SPA v JPMorgan Chase Bank,* 288 F Supp 2d 485, 502 [2003]; *Gabriel Capital, L.P. v NatWest Fin., Inc.,* 94 F Supp 2d 491, 511 [2000]).

As a general rule, " '[b]anks do not owe non-customers a duty to protect them from the intentional torts of their customers' " (*Lerner v Fleet Bank, N.A.,* 459 F3d 273, 286 [2006], quoting *In re Terrorist Attacks on Sept. 11, 2001,* 349 F Supp 2d 765, 830 [2005], *affd* 538 F3d 71 [2008], *cert denied sub nom. Federal Ins. Co. v Saudi Arabia,* 557 US —, 129 S Ct 2859 [2009]; *see also Eisenberg v Wachovia Bank, N.A.,* 301 F3d 220, 225-226 [2002]; *In re Agape Litig.,* 681 F Supp 2d at 360; *Renner v Chase Manhattan Bank,* 1999 WL 47239, \*13-14, 1999 US Dist LEXIS 978, \*38-44 [SD NY 1999]; *Century Bus. Credit Corp. v North Fork Bank,* 246 AD2d 395, 396 [1998]; *cf. Baron v Galasso,* 83 AD3d 626 [2011]; *Norwest Mtge. v Dime Sav. Bank of N.Y.,* 280 AD2d 653 [2001] [stating rule regarding fiduciary accounts]). Here, the complaint fails to allege any facts or identify any duty owed to the plaintiffs by Washington Mutual or Chase, as its successor.

The plaintiffs' remaining contentions are without merit.

Accordingly, the Supreme Court should have granted Chase's motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against it. Mastro, J.P., Dillon, Sgroi and Miller, JJ., concur.