■ BLT Steak, LLC, Respondent-Appellant, v The 57th Street Dorchester, Inc., Appellant-Respondent. [940 NYS2d 603]—

Order, Supreme Court, New York County (Jane S. Solomon, J.), entered October 15, 2010, which, to the extent appealed from, granted the branch of plaintiff tenant's motion for summary judgment that sought dismissal of defendant landlord's counterclaim for legal fees, denied as moot the branch of plaintiff's motion that sought summary judgment on its causes of action for injunctive relief and a declaratory judgment as to the validity of the notice to cure, denied the branch of plaintiff's motion that sought summary judgment on its third cause of action and for a declaration that it is not in breach of the parties' lease, and granted defendant's cross motion for summary judgment to the extent of dismissing plaintiff's third cause of action, unanimously affirmed, without costs.

Defendant's withdrawal of the notice to cure rendered moot that branch of plaintiff's motion for declaratory relief as to the validity of the notice to cure, as there was no longer any controversy with respect to the notice (*see* CPLR 3001). Plaintiff's request for injunctive relief was also rendered moot by the withdrawal of the notice, because there was no longer any threat that plaintiff's leasehold would be terminated as a result of its alleged breach of the lease (*see Mannis v Jillandrea Realty Co.*, 94 AD2d 676, 677 [1983]).

Plaintiff is not entitled to summary judgment declaring that it did not breach the parties' lease; the conflicting expert affidavits have raised issues of fact with respect to the damage to the steel and slab underlying plaintiff's kitchen. Contrary to plaintiff's contention, defendant's withdrawal of the notice to cure does not constitute an "adjudication on the merits," as it

is undisputed that defendant never filed an action based on the allegations in the notice in a court of any state or the United States (CPLR 3217 [c]).

The court properly dismissed plaintiff's third cause of action for breach of the implied covenant of good faith and fair dealing and/or breach of contract. The "American rule" precludes plaintiff from recovering its attorney's fees as damages in the event it prevails on its cause of action, and plaintiff has failed to show that any exception is applicable (*see Gotham Partners, L.P. v High Riv. Ltd. Partnership*, 76 AD3d 203, 204 [2010], *lv denied* 17 NY3d 713 [2011]). Moreover, plaintiff has failed to plead any damages other than attorney's fees (*see Gordon v Dino De Laurentiis Corp.*, 141 AD2d 435, 436 [1988]).

The court properly determined that the relied-upon lease provisions do not support defendant's claim for an award of attorney's fees for defending this action (*see Duane Reade v Highpoint Assoc. IX, LLC*, 36 AD3d 496, 497 [2007]).

We have considered the parties' remaining contentions and find them unavailing. Concur—Saxe, J.P., Sweeny, Renwick, DeGrasse and Richter, JJ. [**Prior Case History: 2010 NY Slip Op 32865(U).**]