■ In the Matter of CHRISTINE WOODSON, Deceased. CAROLYN CLARKE, Appellant; FIDELITY NATIONAL TITLE INSURANCE COMPANY, Respondent, et al., Respondents. [24 NYS3d 706]—

In a probate proceeding in which the administrator petitioned to set aside certain deeds, the administrator appeals, as limited by her brief, from so much of an order of the Surrogate's Court, Kings County (Johnson, S.), dated September 16, 2013, as granted the motion of the respondent Fidelity National Title Insurance Company pursuant to CPLR 3211 (a) to dismiss the petition insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The decedent Christine Woodson died intestate on August 3, 1996, and allegedly was survived by five children: Carolyn Clarke, Michelle Woodson, Lloyd Woodson, Marvin Woodson, and Norval Woodson. Under the laws of intestacy (*see* EPTL 4-1.1), each of those five children would be entitled to 20% of the net value of the decedent's estate. The primary asset of the estate was real property located at 2007 Strauss Street, Brooklyn. Letters of administration were issued to Carolyn

Clarke (hereinafter the administrator) on December 11, 1998, which restrained her from selling, mortgaging, or otherwise encumbering the property, except upon order of the Surrogate's Court. On August 18, 2005, Lloyd Woodson and Michelle Woodson, as "heirs at law" of Christine Woodson, executed a bargain and sale deed purporting to transfer the property to Alfanso Gonzalez. The respondent Fidelity National Title Insurance Company (hereinafter Fidelity) issued a title insurance policy in favor of Gonzalez with respect to the subject property.

Subsequently, Marvin Woodson and Norval Woodson separately executed quitclaim deeds, both dated December 14, 2005, purporting to transfer the property to Gonzalez. A Terraine Woodson, who was not otherwise disclosed as a relative of the decedent, also executed a quitclaim deed on December 14, 2005, purporting to transfer the property to Gonzalez. The administrator did not give a deed to Gonzalez, nor anyone else, either in her individual capacity or in her capacity as administrator of the estate. Thus, only four of the five disclosed children conveyed their share of the property to Gonzalez. Gonzalez later sold the property to Ian Erskine, by way of an August 24, 2006, bargain and sale deed.

On or about December 18, 2006, the administrator filed a petition to set aside the deeds that purported to transfer the subject property to Gonzalez. The petition alleged that the property was transferred without the administrator's consent or an order of the Surrogate's Court, and that Fidelity and several other entities "participated in a transaction seeking to defraud the Estate." Fidelity appeared in the proceeding, and a guardian ad litem was appointed to represent the interests of Lloyd Woodson, whose whereabouts were unknown when the petition was filed. All other parties defaulted. Fidelity moved, inter alia, pursuant to CPLR 3211 (a) (7) to dismiss the petition insofar as asserted against it. The administrator and Lloyd Woodson's guardian ad litem opposed the motion. The Surrogate's Court granted Fidelity's motion, and the administrator appeals.

"[A] title company hired by one party is not, absent evidence of fraud, collusion, or other special circumstances, subject to suit for negligent performance by one other than the party who contracted for its services" (*Calamari v Grace*, 98 AD2d 74, 83 [1983]; *see Velazquez v Decaudin*, 49 AD3d 712, 716 [2008]; *Sabo v Alan B. Brill, P.C.*, 25 AD3d 420, 421 [2006]). Contrary to the administrator's contention, the petition fails to state a cause of action against Fidelity to recover damages for aiding

and abetting fraud (*see Winkler v Battery Trading, Inc.*, 89 AD3d 1016, 1017-1018 [2011]; *cf. Ford v Sivilli*, 2 AD3d 773, 774-775 [2003]). "To plead a cause of action to recover damages for aiding and abetting fraud," the pleading "must allege the existence of an underlying fraud, knowledge of the fraud by the aider and abettor, and substantial assistance by the aider and abettor in the achievement of the fraud" (*Winkler v Battery Trading, Inc.*, 89 AD3d at 1017). Here, the petition consists of bare, conclusory allegations, without any supporting detail, which do not meet the specificity requirements of CPLR 3016 (b) to sufficiently plead the existence of an underlying fraud, knowledge thereof on the part of Fidelity, or substantial assistance in achievement of the fraud (*see Greenberg v Blake*, 117 AD3d 683, 684 [2014]; *IndyMac Bank, F.S.B. v Vincoli*, 105 AD3d 704, 707 [2013]; *Pace v Raisman & Assoc., Esqs., LLP*, 95 AD3d 1185, 1189 [2012]; *Dumas v Fiorito*, 13 AD3d 332 [2004]; *see also Winkler v Battery Trading, Inc.*, 89 AD3d at 1017-1018).

The administrator's claim that Michelle Woodson's signature on the deed was a forgery was raised for the first time in opposition to Fidelity's motion and, in any event, is insufficient to defeat the motion. The signature was acknowledged before a notary, and the petitioner failed to present an affidavit by Michelle Woodson attesting that she did not execute the deed or an affidavit from any handwriting expert attesting that the signature on the deed did not match Michelle Woodson's signature (*see generally Son Fong Lum. v Antonelli*, 102 AD2d 258 [1984], *affd* 64 NY2d 1158 [1985]; *cf. Moffett v Gerardi*, 75 AD3d 496 [2010]). Furthermore, while the petitioner purported to submit a copy of Michelle Woodson's signature for comparison, there was nothing to verify the source of that signature and whether it was, in fact, Michelle Woodson's signature.

Accordingly, the Surrogate's Court properly granted Fidelity's motion to dismiss the petition insofar as asserted against it. In reaching this determination, we note that Lloyd Woodson's guardian ad litem did not assert a cross claim against Fidelity, and none of the other respondents in the proceeding appeared to assert such a cross claim.

Contrary to the administrator's assertion, the Surrogate's Court did not dismiss the petition insofar as asserted against the defaulting parties herein. To the contrary, the order appealed from granted Fidelity's motion to dismiss the petition insofar as asserted against it, and set the matter down for an inquest to determine the administrator's right to relief against Lloyd Woodson and the defaulting parties.

The administrator's remaining contentions are unpreserved for appellate review and, in any event, without merit. Dillon, J.P., Dickerson, Hinds-Radix and Maltese, JJ., concur.