■ SEARS HOLDINGS CORPORATION et al., Respondents, v LAKE PLAZA SHOPPING CENTER, LLC, Appellant. [40 NYS3d 449]—In an action, inter alia, for a judgment declaring that the plaintiffs cured any alleged breach of a sublease between the parties, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Putnam County (Grossman, J.), dated April 3, 2014, as granted the plaintiffs' motion for summary judgment declaring that they had cured any alleged breach of the parties' sublease.

Ordered that the order is affirmed insofar as appealed from, with costs, and the matter is remitted to the Supreme Court,

Putnam County, for the entry of a judgment, inter alia, declaring that the plaintiffs cured any alleged breach of the parties' sublease.

As the Supreme Court properly determined, the plaintiffs cured any alleged breach of a provision in a sublease between the parties requiring them to maintain liability insurance by procuring new insurance policies in compliance with the terms of the sublease (*see Metropolitan Transp. Auth. v Kura Riv. Mgt.*, 292 AD2d 230 [2002]). The defendant's contention that it is entitled to a judgment declaring that the prior insurance policies held by the plaintiffs constituted a breach of the sublease is not properly before this Court, as the defendant did not seek such a declaration in the Supreme Court (*see Valley Forge Ins. Co. v ACE Am. Ins. Co.*, 79 AD3d 736, 737 [2010]; *see also Rosenzweig v Friedland*, 84 AD3d 921, 926 [2011]; *County of Orange v Grier*, 30 AD3d 556 [2006]). In any event, this contention has been rendered academic, as the new insurance policies procured by the plaintiffs cured the alleged breach (*see BLT Steak, LLC v 57th St. Dorchester, Inc.*, 93 AD3d 554 [2012]; *see also Westchester County Indus. Dev. Agency v Morris Indus. Bldrs.*, 278 AD2d 232, 233 [2000]). Accordingly, the Supreme Court properly granted the plaintiffs' motion for summary judgment declaring that they had cured any alleged breach of the parties' sublease.

Since this is, in part, a declaratory judgment action, the matter must be remitted to the Supreme Court, Putnam County, for the entry of a judgment, inter alia, declaring that the plaintiffs cured any alleged breach of the parties' sublease (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962]). Hall, J.P., Austin, Sgroi and Connolly, JJ., concur.