In the Matter of DEAN MICHAEL STEFFY, Deceased. DELCY L. STEFFY, Appellant; DIANE MAMMOLITO, Respondent [50 NYS3d 333]—

Order, Surrogate's Court, New York County (Nora S. Anderson, S.), entered on or about January 16, 2016, which granted respondent's motion for summary judgment dismissing the petition, unanimously affirmed, without costs.

There is no triable issue of fact as to whether the change-of-beneficiary form signed by decedent on or about June 7, 2002 was effective. He followed "the method prescribed by the insurance contract" (*McCarthy v Aetna Life Ins. Co.*, 92 NY2d 436,

440 [1998]) by sending written notice in a form satisfactory to nonparty TIAA-CREF at its home office in New York, New York. It is true that the change-of-beneficiary form said, "This Designation of Beneficiary is effective for each annuity contract listed by number on it if the Designation is in form satisfactory to TIAA-CREF and if it is recorded by TIAA-CREF for that contract," and that decedent failed to fill in the TIAA and CREF annuity numbers. However, at her deposition, TIAA-CREF's representative explained that if a policyholder—like decedent in 2002—had only one contract set (comprised of a TIAA number and a CREF number), the change of beneficiary had to apply to that contract set. She also explained that, at some point before 2002, TIAA-CREF's policy changed. Before, TIAA-CREF would follow up with a policyholder who failed to fill in the TIAA-CREF annuity numbers even if he/she had only one contract set. After the change, TIAA-CREF no longer followed up if a policyholder had only one contract set.

We have considered petitioner's remaining arguments and find them unavailing. Concur—Tom, J.P., Mazzarelli, Kapnick and Kahn, JJ.