■ Fox Paine & Company, LLC, et al., Appellants, v Houston Casualty Company et al., Respondents. [59 NYS3d 759]—

In an action, inter alia, to recover damages for breach of contract and breach of fiduciary duty, the plaintiffs appeal from so much of an order of the Supreme Court, Westchester County (Scheinkman, J.), dated April 15, 2015, as denied those branches of their motion which were to amend the causes of action alleging fraud, breach of fiduciary duty, and aiding and abetting a breach of fiduciary duty, and to add causes of action alleging conspiracy to commit fraud and aiding and abetting fraud.

Ordered that the order is modified, on the law and in the exercise of discretion, by deleting the provision thereof denying those branches of the plaintiffs' motion which were to amend the causes of action alleging fraud, breach of fiduciary duty, and aiding and abetting a breach of fiduciary duty, and to add a cause of action alleging aiding and abetting fraud, and

substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The underlying facts are set forth in our decision and order on a related appeal from an order dated November 24, 2014 (*see Fox Paine & Co., LLC v Houston Cas. Co.*, 153 AD3d 673 [2017] [decided herewith]).

The plaintiffs moved, inter alia, to amend the amended complaint to add certain facts to the causes of action alleging fraud, breach of fiduciary duty, and aiding and abetting a breach of fiduciary duty, and to add causes of action alleging conspiracy to commit fraud and aiding and abetting fraud. In an order dated April 15, 2015, the Supreme Court, among other things, denied those branches of the motion.

In the absence of prejudice or surprise to the opposing party, leave to amend a pleading should be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit (*see* CPLR 3025 [b]; *Markowits v Friedman*, 144 AD3d 993 [2016]; *Galanova v Safir*, 127 AD3d 686 [2015]). The determination to permit or deny amendment is committed to the sound discretion of the trial court (*see* CPLR 3025 [b]; *Edenwald Contr. Co. v City of New York*, 60 NY2d 957, 959 [1983]).

Here, the Supreme Court improvidently exercised its discretion in denying those branches of the plaintiffs' motion which were for leave to amend the complaint to add factual allegations to the causes of action alleging fraud, breach of fiduciary duty, and aiding and abetting a breach of fiduciary duty. The proposed amendments were not palpably insufficient or patently devoid of merit (*see* CPLR 3025 [b]; *MVB Collision, Inc. v Allstate Ins. Co.*, 129 AD3d 1041, 1043 [2015]).

The Supreme Court also improvidently exercised its discretion in denying that branch of the plaintiffs' motion which was to add a cause of action alleging aiding and abetting fraud. To recover for aiding and abetting fraud, the plaintiff must plead the existence of an underlying fraud, knowledge of the fraud by the aider and abettor, and substantial assistance by the aider and abettor in the achievement of the fraud (*see Markowits v Friedman*, 144 AD3d 993 [2016]; *Matter of Woodson*, 136 AD3d 691, 693 [2016]; *Winkler v Battery Trading, Inc.*, 89 AD3d 1016, 1017 [2011]). "Substantial assistance" requires an affirmative act on the defendant's part (*see Baron v Galasso*, 83 AD3d 626, 629 [2011]). In the proposed second amended complaint, the plaintiffs alleged underlying fraud, the defendants' knowledge of the fraud, and the defendants' substantial assistance in the achievement of the fraud. The Supreme Court should have

granted leave to add a cause of action alleging aiding and abetting fraud, since it was not palpably insufficient or devoid of merit and there was no prejudice to the defendants.

However, the Supreme Court properly denied that branch of the motion which was to add a cause of action alleging conspiracy to commit fraud, since that proposed cause of action was duplicative of the proposed cause of action alleging aiding and abetting fraud (*see Kew Gardens Hills Apt. Owners, Inc. v Horing Welikson & Rosen, P.C.*, 35 AD3d 383, 386 [2006]; *American Baptist Churches of Metro. N.Y. v Galloway*, 271 AD2d 92 [2000]).

Accordingly, the Supreme Court properly denied that branch of the plaintiffs' motion which was to add a cause of action alleging conspiracy to commit fraud, but should have granted those branches of the motion which were to add facts to their causes of action alleging fraud, breach of fiduciary duty, and aiding and abetting a breach of fiduciary duty, and to add a cause of action alleging aiding and abetting fraud. Leventhal, J.P., Cohen, Hinds-Radix and Connolly, JJ., concur.