18-810-cv
Fisher v. New York Chase Manhattan Bank

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 29th day of October, two thousand eighteen.

Present:     ROSEMARY S. POOLER,
             RAYMOND J. LOHIER, JR.,
             SUSAN L. CARNEY,
                         *Circuit Judges*.

_____

BILLY B. FISHER,

                    *Plaintiff-Appellant*,

            v.                                              18-810-cv

JPMORGAN CHASE BANK, N.A.,

                    *Defendant-Appellee*.[*]

_____

Appearing for Appellant:    Michael Confusione, Hegge & Confusione, LLC, Mullica Hill, N.J.

Appearing for Appellee:     Andrew S. Kazin, Stagg, Terenzi, Confusione & Wabnik, LLP, Garden City, N.Y.

---

[*] The Clerk of the Court is respectfully directed to amend the caption of this case as set forth above.

Appeal from the United States District Court for the Southern District of New York (Broderick, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Appellant Billy Fisher appeals from the March 9, 2018, judgment of the United States District Court for the Southern District of New York (Broderick, *J.*), dismissing with prejudice his pro se complaint in which he alleges injury caused by a 1990 loan that JPMorgan Chase Bank, N.A. ("Chase") extended to his former business partner. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We review dismissals for failure to state a claim under Rule 12(b)(6) de novo. *E.g.*, *Citizens United v. Schneiderman*, 882 F.3d 374, 380 (2d Cir. 2018). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Plausibility "does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" of the alleged wrongdoing. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). "Where, as here, the complaint was filed *pro se*, it must be construed liberally to raise the strongest arguments [it] suggest[s]." *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013) (alterations in original) (internal quotation marks omitted).

Fisher first argues that the district court erred by concluding that his negligence claim is barred by the statute of limitations. We apply the New York statute of limitations, *Stuart v. Am. Cyanamid Co.*, 158 F.3d 622, 626-27 (2d Cir. 1998), which imposes a three-year limitations period to negligence claims like the one Fisher alleges, *see IDT Corp. v. Morgan Stanley Dean Witter & Co.*, 12 N.Y.3d 132, 139 (2009); *see also* N.Y. C.P.L.R. 214(4). Moreover, under New York law, negligence claims accrue when "an injury is sustained." *Kronos, Inc. v. AVX Corp.*, 81 N.Y.2d 90, 94 (1993). It is irrelevant when a person discovers either her injury or the tortfeasor's wrongful conduct. *Id.*; *McCoy v. Feinman*, 99 N.Y.2d 295, 301 (2002).

Here, Fisher's injury occurred when Chase extended the loan in 1990. The limitations period thus expired in 1993. Moreover, even if we were to conclude that Fisher did not incur an injury until he allegedly paid off the remainder of the loan in 2002, the limitations period would have expired in 2005, over a decade before he filed his lawsuit. Therefore, Fisher's negligence claim is time barred.

Fisher also argues that the district court erred because it should have construed his complaint as alleging claims for fraud and aiding and abetting fraud, in addition to negligence. We do not agree. The thrust of Fisher's complaint is that Chase failed to perform due diligence. That claim sounds in negligence, not fraud. Moreover, Fisher alleges no misrepresentations Chase made to him, as is necessary to state a fraud claim under New York and New Jersey law. *Eurycleia Partners, LP v. Seward & Kissel, LLP*, 12 N.Y.3d 553, 559 (2009); *Gennari v. Weichert Co. Realtors*, 148 N.J. 582, 610 (1997). Nor does he allege any specific facts plausibly suggesting that Chase was actually aware of his business partners' purported fraud, as is

necessary to state a claim for aiding and abetting fraud under New York and New Jersey law. *Fox Paine & Co. v. Houston Cas. Co.*, 59 N.Y.S.3d 759, 761 (2d Dep't 2017); *Oster v. Kirschner*, 905 N.Y.S.2d 69, 72 (1st Dep't 2010); *State Dep't of Treasury, Div. of Inv. ex rel. McCormac v. Qwest Commc'ns Int'l, Inc.*, 904 A.2d 775, 783-84 (N.J. Super. Ct. App. Div. 2006). In other words, Fisher did not allege the facts that would have been necessary to make out either of the two claims he now argues the district court should have seen in his complaint. We cannot say that the district court erred by failing to see claims that Fisher has fallen so far short of successfully alleging.

We have considered the remainder of Fisher's arguments and find them to be without merit. Accordingly, the order of the district court is hereby AFFIRMED. Each side to bear its own costs.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk