New York Commercial Bank v Jacobs (2021 NY Slip Op 07291)





New York Commercial Bank v Jacobs


2021 NY Slip Op 07291


Decided on December 22, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 22, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.


2019-05420
 (Index No. 712509/16)

[*1]New York Commercial Bank, plaintiff-respondent,
v
Steven Jacobs, defendant-respondent, Marlene Deutch, appellant.


Donald M. Zolin, New York, NY (Larry Kars of counsel), for appellant.
McGlinchey Stafford, PLLC, New York, NY (Dennis A. Amore of counsel), for plaintiff-respondent.
Andrew A. Bosker, Brooklyn, NY, for defendant-respondent.



DECISION & ORDER
In a stakeholder's interpleader action pursuant to CPLR 1006, the defendant Marlene Deutch appeals from an order of the Supreme Court, Queens County (Robert I. Caloras, J.), dated March 11, 2019. The order granted the plaintiff's motion for summary judgment on the complaint and dismissing the counterclaims asserted against it, and granted the cross motion of the defendant Steven Jacobs for summary judgment directing the release of the subject funds to him and dismissing the cross claim asserted against him.
ORDERED that the order is affirmed, with one bill of costs.
In 2013, Lenore Arm opened a certificate of deposit savings account (hereinafter the account) at a branch of the plaintiff, New York Commercial Bank. Arm designated the defendant Steven Jacobs, her nephew, as the beneficiary on the account. Early in August 2016, the plaintiff received a letter requesting a change of beneficiary on the account from Jacobs to the defendant Marlene Deutch, a friend of Arm. Upon receiving the letter, the plaintiff mailed to Arm the forms that needed to be filled out in order to change the beneficiary. The forms were not returned prior to Arm's death on August 2, 2016.
In October 2016, the plaintiff commenced this stakeholder's interpleader action pursuant to CPLR 1006, alleging that it was subject to conflicting claims to the funds in the account. In her answer, Deutch asserted counterclaims against the plaintiff to recover damages for breach of contract and negligence, and a cross claim against Jacobs for a judgment declaring that Arm intended that she be designated the beneficiary of the account. Following discovery, the plaintiff moved for summary judgment on the complaint and dismissing the counterclaims asserted against it. Jacobs cross-moved for summary judgment directing the plaintiff to release the funds in the account to him and dismissing the cross claim asserted against him. The Supreme Court granted the plaintiff's motion and Jacobs' cross motion, and Deutch appeals.
The plaintiff established, prima facie, its entitlement to judgment as a matter of law [*2]on the complaint and dismissing the counterclaims asserted against it. The plaintiff demonstrated that it was a neutral stakeholder with no interest in the funds in the account (see Citibank, N.A. v Park, 174 AD3d 778, 779; Fidelity & Deposit Co. of Md. v Barroga-Hayes, 129 AD3d 773, 774). The plaintiff also established, prima facie, that it properly dispensed with its contractual obligations and duties to the account holder, Arm, negating any inference of a breach of contract or negligence. Furthermore, Deutch lacked standing to assert such claims since she was not a third-party beneficiary to any agreement between the bank and Arm (see Breen v Law Off. of Bruce A. Barket, P.C., 52 AD3d 635; City of Amsterdam v Lam, 270 AD2d 603). In opposition, Deutch failed to raise a triable issue of fact (see Lincoln Life & Annuity Co. of N.Y. v Caswell, 31 AD3d 1; cf. Matter of Steffy, 148 AD3d 578).
Jacobs established, prima facie, his entitlement to judgment as a matter of law directing the plaintiff to release the funds in the account to him as beneficiary. Jacobs also established, prima facie, his entitlement to judgment as a matter of law dismissing, as academic, the cross claim asserted against him (see e.g. Matter of Green Thumb Lawn Care, Inc. v Iwanowicz, 107 AD3d 1402, 1405; BLT Steak, LLC v 57th St. Dorchester, Inc., 93 AD3d 554, 554). In opposition, Deutch failed to raise a triable issue of fact (see Zuckerman v City of New York, 49 NY2d 557, 562).
Accordingly, the Supreme Court properly granted the plaintiff's motion for summary judgment on the complaint and dismissing the counterclaims asserted against it, and granted Jacobs's cross motion for summary judgment directing the release of the subject funds to him and dismissing the cross claim asserted against him.
RIVERA, J.P., CHAMBERS, FORD and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court