Weinstein v Levitin (2022 NY Slip Op 04828)

Weinstein v Levitin

2022 NY Slip Op 04828

Decided on August 3, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 3, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
LARA J. GENOVESI, JJ.

2020-00228
 (Index No. 525670/18)

[*1]Henry Weinstein, et al., appellants, 
v
Jeffrey Levitin, et al., defendants, Bordeaux Capital, LLC, respondent.

Friedman Sanchez, LLP (Law Offices of Arnold E. DiJoseph, P.C., New York, NY [Arnold E. DiJoseph III], of counsel), for appellants.
Rubin LLC, New York, NY (Paul A. Rubin of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for fraud and unjust enrichment, the plaintiffs appeal from an order of the Supreme Court, Kings County (Leon Ruchelsman, J.), dated December 16, 2019. The order granted the motion of the defendant Bordeaux Capital, LLC, pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it.
ORDERED that the order is affirmed, with costs.
The plaintiffs, Henry Weinstein and his company HPHW Realty Corp., Inc. (hereinafter HPHW), commenced this action, inter alia, to recover damages for fraud and unjust enrichment. The plaintiffs alleged, among other things, that the defendants Yechiel Shimon Sprei and Jeffrey Levitin deceived them into investing money in illegitimate real estate transactions, and induced Weinstein to sign loan documents while under sedation, by which HPHW borrowed the sum of $1,500,000 from the defendant Bordeaux Capital, LLC (hereinafter Bordeaux), to close on the purported transactions. Thereafter, Bordeaux moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it. In an order dated December 16, 2019, the Supreme Court granted Bordeaux's motion. The plaintiffs appeal.
"On a motion to dismiss pursuant to CPLR 3211(a)(7), the complaint is to be afforded a liberal construction, the facts alleged are presumed to be true, the plaintiff is afforded the benefit of every favorable inference, and the court is to determine only whether the facts as alleged fit within any cognizable legal theory" (Gruber v Donaldsons, Inc., 201 AD3d 887, 888 [internal quotation marks omitted]; see Gorbatov v Tsirelman, 155 AD3d 836, 837).
"'The elements of a cause of action for fraud require a material misrepresentation of a fact, knowledge of its falsity, an intent to induce reliance, justifiable reliance by the plaintiff and damages'" (Emby Hosiery Corp. v Tawil, 196 AD3d 462, 464, quoting Eurycleia Partners, LP v Seward & Kissel, LLP, 12 NY3d 553, 559). Further, "[t]o sustain a cause of action alleging fraudulent concealment, the plaintiff must allege that the defendant had a duty to disclose the material information" (Swartz v Swartz, 145 AD3d 818, 823; see Eurycleia Partners, LP v Seward & Kissel, LLP, 12 NY3d at 562). In addition, "[t]o recover for aiding and abetting fraud, the plaintiff must plead the existence of an underlying fraud, knowledge of the fraud by the aider and abettor, and substantial assistance by the aider and abettor in the achievement of the fraud" (Fox Paine & Co., LLC v Houston Cas. Co., 153 AD3d 678, 679; see Matter of Woodson, 136 AD3d 691, 693). "Where a cause of action is based upon fraud, the circumstances constituting the alleged wrong must be stated in detail" (Gruber v Donaldsons, Inc., 201 AD3d at 888-889; see CPLR 3016[b]; Eurycleia Partners, LP v Seward & Kissel, LLP, 12 NY3d at 559).
Here, the Supreme Court properly determined that the plaintiffs failed to state a cause of action for fraud against Bordeaux, since the plaintiffs did not allege any specific misrepresentation made by Bordeaux to them (see Oppedisano v D'Agostino, 196 AD3d 497, 500; High Tides, LLC v DeMichele, 88 AD3d 954, 958). The plaintiffs also failed to state a cause of action for fraudulent concealment, since they did not allege that Bordeaux had a "special or privity-like relationship" with them so as to impose a duty of disclosure upon Bordeaux (High Tides, LLC v DeMichele, 88 AD3d at 960 [internal quotation marks omitted]; see Swartz v Swartz, 145 AD3d at 824). In addition, the plaintiffs failed to state a cause of action for aiding and abetting fraud against Bordeaux, since they did not allege that Bordeaux had knowledge of the alleged fraudulent real estate scheme by Sprei and Levitin (see Fox Paine & Co., LLC v Houston Cas. Co., 153 AD3d at 679; Matter of Woodson, 136 AD3d at 693). Moreover, neither the plaintiffs' allegations nor the surrounding circumstances were sufficient to give rise to a reasonable inference that Bordeaux possessed such knowledge (see Eurycleia Partners, LP v Seward & Kissel, LLP, 12 NY3d at 560).
Furthermore, the Supreme Court properly determined that the plaintiffs failed to state a cause of action for unjust enrichment against Bordeaux. An unjust enrichment claim is not available where, as here, "'it simply duplicates, or replaces, a conventional contract or tort claim'" (Scifo v Taibi, 198 AD3d 704, 706, quoting Corsello v Verizon N.Y., Inc., 18 NY3d 777, 790).
The plaintiffs' remaining contentions either need not be reached in light of our determination or are without merit.
Accordingly, the Supreme Court properly granted Bordeaux's motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it.
DILLON, J.P., MALTESE, WOOTEN and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court