Schiano v Harsanyi (2024 NY Slip Op 04338)

Schiano v Harsanyi

2024 NY Slip Op 04338

Decided on August 28, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 28, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
LAURENCE L. LOVE, JJ.

2023-04614
 (Index No. 603964/22)

[*1]James Schiano, plaintiff third-party defendant, 
v
Peter Harsanyi, et al., defendants, Systems Vend Management Corp., defendant third-party plaintiff-appellant; Josephine J. Castro, third-party defendant-respondent.

Heitz Legal, P.C., New York, NY (Dana E. Heitz of counsel), for defendant third-party plaintiff-appellant.
Law Offices of E. Michael Rosenstock, P.C., Rockville Centre, NY, for third-party defendant-respondent.

DECISION & ORDER
In an action, inter alia, for declaratory relief, the defendant third-party plaintiff appeals from an order of the Supreme Court, Nassau County (Conrad D. Singer, J.), entered March 17, 2023. The order, insofar as appealed from, granted those branches of the motion of the third-party defendant Josephine J. Castro which were pursuant to CPLR 3211(a)(7) to dismiss the second and fourth causes of action in the third-party complaint.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the motion of the third-party defendant Josephine J. Castro which were pursuant to CPLR 3211(a)(7) to dismiss the second and fourth causes of action in the third-party complaint are denied.
In March 2022, James Schiano commenced this action, inter alia, for a judgment declaring that he is an equal shareholder or partner with Peter Harsanyi in Systems Vend Management Corp. (hereinafter SVMC), a vending machine company. Thereafter, SVMC commenced a third-party action against Schiano and Josephine J. Castro, a bookkeeper employed by SVMC, inter alia, to recover damages from Castro for aiding and abetting fraud (second cause of action) and breach of fiduciary duty (fourth cause of action). The third-party complaint alleged, among other things, that Schiano engaged in a fraudulent scheme to retain and convert SVMC's money for his own use, and that Castro aided and abetted Schiano's fraudulent scheme. Castro subsequently moved, inter alia, pursuant to CPLR 3211(a)(7) to dismiss the second and fourth causes of action in the third-party complaint. In an order entered March 17, 2023, the Supreme Court, among other things, granted those branches of Castro's motion. SVMC appeals.
"On a motion to dismiss for failure to state a cause of action pursuant to CPLR 3211(a)(7), a court must 'accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory'" (Reaves v New York City Dept. of Educ., 218 AD3d 697, 698, quoting Leon v Martinez, 84 NY2d 83, 87-88; see Connaughton v Chipotle Mexican Grill, Inc., 29 [*2]NY3d 137, 141).
"'To plead a cause of action to recover damages for aiding and abetting fraud,' the pleading 'must allege the existence of an underlying fraud, knowledge of the fraud by the aider and abettor, and substantial assistance by the aider and abettor in the achievement of the fraud'" (Matter of Woodson, 136 AD3d 691, 693, quoting Winkler v Battery Trading, Inc., 89 AD3d 1016, 1017). Further, a cause of action to recover damages for aiding and abetting fraud "'must be pleaded with the specificity sufficient to satisfy CPLR 3016(b)'" (Goel v Ramachandran, 111 AD3d 783, 792, quoting High Tides, LLC v DeMichele, 88 AD3d 954, 960). "The heightened pleading requirements of CPLR 3016(b) may be met when the material facts alleged in the complaint, in light of the surrounding circumstances, 'are sufficient to permit a reasonable inference of the alleged conduct' including the adverse party's knowledge of, or participation in, the fraudulent scheme" (id. at 792-793, quoting Pludeman v Northern Leasing Sys., Inc., 10 NY3d 486, 492).
Here, accepting the facts as alleged in the third-party complaint as true, and according SVMC the benefit of every possible favorable inference (see Leon v Martinez, 84 NY2d at 87), the third-party complaint alleged a cause of action against Castro to recover damages for aiding and abetting fraud with the requisite particularity (see Caravello v One Mgt. Group, LLC, 131 AD3d 1191, 1193; AIG Fin. Prods. Corp. v ICP Asset Mgt., LLC, 108 AD3d 444, 446). Contrary to Castro's contention, the third-party complaint sufficiently alleged her knowledge of the underlying fraud and her substantial assistance by alleging, inter alia, that Castro "deceptively" accounted on her books and records that cash obtained by Schiano from SVMC was in the nature of loans or capital contributions, that Castro purposefully withheld her internal records from Harsanyi, thereby enabling Schiano's fraudulent scheme to continue for years, and that Castro acted with knowledge that Schiano was converting company money and that cash received by Schiano was not a loan to the business as represented. Accordingly, the Supreme Court should have denied that branch of Castro's motion which was pursuant to CPLR 3211(a)(7) to dismiss the second cause of action in the third-party complaint, alleging aiding and abetting fraud against Castro.
"To state a cause of action to recover damages for breach of fiduciary duty, which must be pleaded with the requisite particularity under CPLR 3016(b), 'a plaintiff must allege: (1) the existence of a fiduciary relationship, (2) misconduct by the defendant, and (3) damages directly caused by the defendant's misconduct'" (DeMartino v Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara & Wolf, LLP, 189 AD3d 774, 775, quoting Parekh v Cain, 96 AD3d 812, 816; see City of Long Beach v Agostisi, 221 AD3d 776, 777-778). "A fiduciary relationship exists when one party is under a duty to act for or to give advice for the benefit of another upon matters within the scope of the relationship" (Fox Paine & Co., LLC v Houston Cas. Co., 153 AD3d 673, 676).
Here, contrary to Castro's contention, the third-party complaint sufficiently alleged the existence of a fiduciary duty between Castro and SVMC based upon allegations that Castro, as SVMC's bookkeeper, had a duty to make truthful and complete disclosures to SVMC (see Torrance Constr., Inc. v Jaques, 127 AD3d 1261, 1264). Further, the third-party complaint sufficiently alleged that Castro breached her fiduciary duty to SVMC by, inter alia, "falsely reporting cash received as loans made by Schiano to [SVMC]," "deceptively accounting embezzled cash as loans and capital contributions made by Schiano," and withholding information from SVMC regarding the nature of the funds obtained by Schiano (see Hausen v North Fork Radiology, P.C., 171 AD3d 888, 892). Accordingly, the Supreme Court should have denied that branch of Castro's motion which was pursuant to CPLR 3211(a)(7) to dismiss the fourth cause of action in the third-party complaint, alleging breach of fiduciary duty against Castro.
Castro's remaining contentions are without merit.
BARROS, J.P., MALTESE, WOOTEN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court