JPMorgan Chase Bank, N.A. v Canova (2025 NY Slip Op 03710)

JPMorgan Chase Bank, N.A. v Canova

2025 NY Slip Op 03710

Decided on June 18, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 18, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
CARL J. LANDICINO
DONNA-MARIE E. GOLIA, JJ.

2020-06261
 (Index No. 152396/19)

[*1]JPMorgan Chase Bank, N.A., respondent,
v
Debra E. Canova, etc., et al., defendants, John F. Marchisotto, etc., appellant.

John F. Marchisotto, Jackson, New Jersey, appellant pro se.
Zeichner Ellman & Krause LLP, New York, NY (Stephen F. Ellman and Bryan D. Leinback of counsel), for respondent.

DECISION & ORDER
In a stakeholder's interpleader action pursuant to CPLR 1006, the defendant John F. Marchisotto appeals from an order of the Supreme Court, Richmond County (Orlando Marrazzo, Jr., J.), dated August 14, 2020. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the amended complaint insofar as asserted against the defendant John F. Marchisotto and to dismiss that defendant's counterclaims and denied that branch of that defendant's motion which was for summary judgment on his counterclaims.
ORDERED that the order is affirmed insofar as appealed from, with costs.
Prior to his death, the decedent, the father of the defendant Debra E. Canova and the defendant John F. Marchisotto, opened and maintained both a checking and a savings account with the plaintiff. Canova was a signatory on those accounts. After the decedent's death in 2016, Canova opened two new accounts with the plaintiff and funded them, inter alia, with transfers from the decedent's checking and savings accounts and thereafter opened an estate account. In 2018, Marchisotto contacted the plaintiff alleging, among other things, that Canova and others had misappropriated funds from the decedent's checking and savings accounts, which caused the plaintiff to restrain the accounts at issue.
In October 2019, the plaintiff commenced this stakeholder's interpleader action pursuant to CPLR 1006, alleging that it was subject to conflicting claims to the funds in the accounts associated with the decedent's estate. Marchisotto interposed an answer and asserted, inter alia, various counterclaims against the plaintiff, including, in effect, that the plaintiff was negligent in failing to prevent the alleged fraud involving the decedent's accounts and aided and abetted this fraud. The plaintiff thereafter moved, among other things, for summary judgment on the amended complaint insofar as asserted against Marchisotto and to dismiss Marchisotto's counterclaims, and Marchisotto moved, inter alia, for summary judgment on his counterclaims. During a proceeding before the Supreme Court on the motions, Marchisotto stated that he was "okay with" the plaintiff's request to pay the funds from the accounts at issue to the court.
In an order dated August 14, 2020, the Supreme Court, among other things, granted [*2]those branches of the plaintiff's motion which were for summary judgment on the amended complaint insofar as asserted against Marchisotto and to dismiss Marchisotto's counterclaims and denied that branch of Marchisotto's motion which was for summary judgment on his counterclaims. Marchisotto appeals.
The Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment on the amended complaint insofar as asserted against Marchisotto. The plaintiff established its prima facie entitlement to judgment as a matter of law on the amended complaint insofar as asserted against Marchisotto, as it demonstrated that it was a neutral stakeholder with no interest in the funds in the accounts (see New York Commercial Bank v Jacobs, 200 AD3d 991, 992; Citibank, N.A. v Park, 174 AD3d 778, 780). Marchisotto failed to raise a triable issue of fact in opposition (see Mahon, Mahon, Kerins & O'Brien, LLC v Moskoff, 85 AD3d 738, 739).
The plaintiff also established, prima facie, that Marchisotto failed to state counterclaims, in effect, for negligence or aiding and abetting fraud against it. "To establish a cause of action sounding in negligence, a plaintiff must establish the existence of a duty on defendant's part to plaintiff, breach of the duty and damages" (Greenberg, Trager & Herbst, LLP v HSBC Bank USA, 17 NY3d 565, 576). "As a general rule, banks do not owe non-customers a duty to protect them from the intentional torts of their customers" (Winkler v Battery Trading, Inc., 89 AD3d 1016, 1018 [alteration and internal quotation marks omitted]). Here, Marchisotto failed to adequately allege that the plaintiff owed him, a noncustomer, a duty, and he therefore failed to state a counterclaim, in effect, for negligence against the plaintiff (see id.; Regency House, Inc. v Citibank, N.A., 202 AD2d 655, 656).
"The elements of a cause of action to recover damages for aiding and abetting fraud are (1) the existence of an underlying fraud, (2) knowledge of the fraud by the aider and abettor, and (3) substantial assistance by the aider and abettor in the achievement of the fraud" (Betz v Blatt, 160 AD3d 696, 700). Marchisotto failed to adequately allege that the plaintiff knew of any fraud involving the decedent's accounts (see Paraco Gas Corp. v Jay Z. Gerlitz & Assoc., Inc., 225 AD3d 615, 618; Weinstein v Levitin, 208 AD3d 531, 532).
For similar reasons, Marchisotto failed to establish his prima facie entitlement to summary judgment on his counterclaims (see Hersh v Cohen, 229 AD3d 524, 527; Riddy v HSBC USA, Inc., 21 AD3d 465, 466).
Accordingly, the Supreme Court properly granted those branches of the plaintiff's motion which were for summary judgment on the amended complaint insofar as asserted against Marchisotto and to dismiss Marchisotto's counterclaims and denied that branch of Marchisotto's motion which was for summary judgment on his counterclaims.
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
CONNOLLY, J.P., CHAMBERS, LANDICINO and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court