■ REPUBLIC NATIONAL BANK OF NEW YORK, Respondent-Appellant, v JENNIFER M. LUPO, Respondent, and WILLIAM LUPO, Appellant-Respondent. [627 NYS2d 559] —In a stakeholder's interpleader action pursuant to CPLR 1006, the defendant William Lupo appeals, as limited by his brief, (1) from so much of an order of the Supreme Court, Kings County (Hurowitz, J.), dated March 10, 1994, as granted the branch of the plaintiff's motion which was to pay into court the amounts in the joint bank accounts in dispute in this action and to be discharged from liability with regard thereto and denied, in part, his cross motion for summary judgment dismissing the complaint, (2) from so much of an order of the same court dated November 21, 1994, as granted the plaintiff's motion to reargue and resettle the order dated March 10, 1994, and, upon reargument, adhered to the previous determination denying, in part, his cross motion for summary judgment dismissing the complaint, and (3) from so much of a resettled order of the same court (Goldberg, J.), dated January 24, 1995, as directed the plaintiff to pay into court the principal sum of $186,080.39 and discharged the plaintiff from liability with regard thereto, and the plaintiff cross-appeals from so much of the same resettled order as denied the branch of its motion which was for costs and attorney's fees.

Ordered that the appeal from the order dated March 10, 1994, is dismissed since that order was superseded by the order dated November 21, 1994, made upon reargument, and it is further,

Ordered that the order dated November 21, 1994, is affirmed insofar as appealed from; and it is further,

Ordered that the resettled order dated January 24, 1995, is modified by deleting therefrom the provision denying the branch of the plaintiff's motion which was for attorney's fees and costs and substituting therefor a provision granting that branch of the plaintiff's motion in the amount of $6,011.39 to be paid equally by the two defendants; as so modified, the order is affirmed insofar as appealed from, and it is further,

Ordered that the plaintiff is awarded one bill of costs.

In a prior action, the defendant Jennifer M. Lupo sought to

recover monies that she claimed had been deposited by her father, the defendant William Lupo, for her benefit at the Republic National Bank of New York (hereinafter the bank). After that action was dismissed as time-barred *(see, Lupo v Republic Natl. Bank,* 215 AD2d 452 [decided herewith]), both of the defendants continued to demand payment from the bank. The bank then commenced this interpleader action and moved, *inter alia,* to be discharged from liability upon its payment into court of the amounts in the joint bank accounts in dispute *(see,* CPLR 1006). Contrary to the appellant William Lupo's contention, the Supreme Court properly granted that branch of the bank's motion.

However, the court's denial of the branch of the bank's motion which was for attorney's fees and costs was an improvident exercise of discretion *(see,* CPLR 1006 [f]). The bank, a neutral stakeholder with no interest in the disputed accounts, was forced to participate in a tortuous litigation between a father and his daughter. We, therefore, grant the branch of the bank's motion which was for attorney's fees and costs in the amount of $6,011.39, to be paid equally by the two defendants.

Since the prior action concerned a custodial account that was established by the defendant William Lupo pursuant to the Uniform Gifts to Minors Act *(see,* EPTL, art 7, part 4), the Supreme Court properly granted William Lupo partial summary judgment dismissing the complaint in this action with regard to that account on the ground of res judicata.

The parties' remaining contentions are without merit. Miller, J. P., Pizzuto, Joy and Krausman, JJ., concur.