■ AMERICAN INTERNATIONAL LIFE ASSURANCE COMPANY OF NEW YORK, Appellant, v PAUL F. ANSEL, Sued Herein as PAUL J. ANSEL, et al., Respondents. [709 NYS2d 621] —In a stakeholder's interpleader action pursuant to CPLR 1006, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Gowan, J.), dated October 12, 1999, as, in effect, denied that branch of its motion which was for costs, disbursements, and an award of a reasonable attorney's fee.

Ordered that the order is reversed insofar as appealed from, with costs, that branch of the plaintiff's motion which was for

costs, disbursements, and an award of a reasonable attorney's fee is granted, and the matter is remitted to the Supreme Court, Suffolk County, for a determination of the amount of the attorney's fee to be awarded.

The plaintiff issued an annuity to Paul W. Ansel, the father of the defendant Paul F. Ansel. Paul W. Ansel designated his beneficiaries under the annuity as the defendant Paul F. Ansel and the defendant Joan Ansel and identified them as son and daughter-in-law. Paul W. Ansel died, and the defendant Paul F. Ansel submitted a claim for the entire proceeds, claiming that Joan Ansel was a contingent beneficiary. The plaintiff admitted that a full death benefit was due and owing, but could not make full payment to Paul F. Ansel without subjecting itself to potential liability in the event that Joan made a claim. The plaintiff promptly commenced an interpleader action upon being advised that Paul F. Ansel would not accept a check made out to him and Joan Ansel.

The plaintiff moved for leave to pay the proceeds of the annuity to the Suffolk County Treasury and requested that its fees, costs, and disbursements be deducted from the proceeds. The Supreme Court granted the plaintiff partial relief, but, in effect, denied that branch of the motion which was for costs, disbursements, and an award of a reasonable attorney's fee.

The court's denial of that branch of the plaintiff's motion which was for costs, disbursements, and an award of a reasonable attorney's fee was an improvident exercise of discretion (see, CPLR 1006 [f]; *Republic Natl. Bank v Lupo*, 215 AD2d 467, 468). The plaintiff, a neutral stakeholder with no interest in the disputed matter, was forced to participate in a dispute between the two defendants. We therefore grant that branch of the plaintiff's motion which was for costs, disbursements, and a reasonable attorney's fee. Bracken, J. P., Joy, Thompson, Goldstein and Feuerstein, JJ., concur.