■ SUN LIFE INSURANCE AND ANNUITY COMPANY OF NEW YORK, Appellant, v DEAN G. BRASLOW et al., Respondents. [831 NYS2d 497]—

In a stakeholder's interpleader action pursuant to CPLR 1006 (f), the plaintiff appeals from an order of the Supreme Court, Westchester County (Tolbert, J.), dated October 30, 2006, which denied its motion to be discharged from all further liability under an annuity upon the payment of the proceeds of the annuity into court, and for an award of an attorney's fee and costs.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the matter is remitted to the Supreme Court, Westchester County, for a determination of the amount of the attorney's fees and costs to be awarded.

The plaintiff commenced this interpleader action after being subjected to conflicting claims to an annuity (*see* CPLR 1006). In support of that branch of its motion which was to be discharged from all further liability under the annuity upon the payment of the proceeds of the same into the court, the plaintiff demonstrated that it was a neutral stakeholder with no interest in the disputed annuity (*see* CPLR 1006 [f]; *American Intl. Life Assur. Co. of N.Y. v Ansel*, 273 AD2d 421 [2000]; *Republic Natl. Bank of N.Y. v Lupo*, 215 AD2d 467 [1995]). In opposition, no

claimant raised an issue of an independent liability of the plaintiff (see CPLR 1006 [e]; cf. *Inovlotska v Greenpoint Bank*, 8 AD3d 623 [2004]). Because the plaintiff is a neutral stakeholder forced to participate in the dispute between the claimants over the annuity, an award of an attorney's fee and costs is warranted (see CPLR 1006 [f]; *American Intl. Life Assur. Co. of N.Y. v Ansel, supra; Republic Natl. Bank of N.Y. v Lupo, supra*). Miller, J.P., Schmidt, Ritter and Angiolillo, JJ., concur.