09-2609-cv
FCS Advisors, Inc. v. Fair Finance Company, Inc.

## UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the twenty-fourth day of May, two thousand and ten.

PRESENT:

> JOSÉ A. CABRANES,
> BARRINGTON D. PARKER,
> > *Circuit Judges,*
> STEFAN R. UNDERHILL,
> > *District Judge.**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FCS ADVISORS, INC.,

> *Plaintiff-Counter-Defendant-Appellee,*

v.                                                                      No. 09-2609-cv

FAIR FINANCE COMPANY, INC.,

> *Defendant-Counter-Claimant-Appellant.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

_____

* The Honorable Stefan R. Underhill of the United States District Court for the District of Connecticut, sitting by designation.

**FOR DEFENDANT-CROSS-
CLAIMANT-APPELLANT:**  GREGORY E. GALTERIO (Ira N. Glauber, *of counsel*),
Jaffe & Asher, LLP, New York, NY.


**FOR PLAINTIFF-CROSS-
DEFENDANT-APPELLEE:**  ROGER E. BARTON (Randall L. Rasey, *of counsel*),
Barton Barton & Plotkin LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Denny Chin, *Judge*).


**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**, in part, and **VACATED**, in part.


Defendant-appellant Fair Finance Company, Inc. ("FairFin" or "defendant") appeals from a judgment of the District Court entered on May 20, 2009 and amended on June 10, 2009, granting summary judgment to plaintiff FCS Advisors, Inc. d/b/a Brevet Capital Advisors ("Brevet" or "plaintiff") on plaintiff's breach of contract claim.  The District Court entered judgment against defendant in the amount of $1,716,248.48, which included post-judgment interest calculated at a rate of 9% per annum in accordance with New York law.  In this order, we affirm the District Court's entry of summary judgment in favor of plaintiff.  By a separate *per curiam* opinion entered today, we vacate the judgment only insofar as it applied New York law to the calculation of post-judgment interest.


With respect to the entry of summary judgment, defendant argues primarily that the District Court improperly resolved the following issues of fact in plaintiff's favor: (1) whether FairFin's conduct amounted to a breach of an exclusivity clause contained in a letter of intent ("LOI") entered into by the parties; (2) if there was a breach, whether plaintiff was entitled to the full "break-up" fee provided for in the LOI or to a reduced fee provided for in a handwritten addendum; and (3) whether the "break-up" fee was an unenforceable penalty under New York law.  We assume the parties' familiarity with the remaining factual and procedural history of the case.


First, with respect to the question of breach, we are satisfied that undisputed evidence in the record demonstrates that FairFin breached the exclusivity provision of the LOI by at least July 2, 2007—well within the period during which it was required to deal exclusively with Brevet.  The LOI provided that "[n]either FairFin, its affiliates nor any of its shareholders, directors, officers, employees, agents or representatives, will solicit, encourage or entertain proposals from, or enter into negotiations with, or furnish any information to any other person or entity regarding the

2

possible Financing Transaction or any part or element thereof." J.A. 39. Notwithstanding this language, on June 28, 2007, FairFin executives received an email about a competing financing transaction and responded on July 2, 2007, by requesting a term sheet outlining that transaction. We agree with the District Court that "[u]nder the plain language of the LOI" this conduct constitutes "at a minimum, encouraging or entertaining proposals for financing." *FCS Advisors, Inc. v. Fair Fin. Co.*, No. 07 Civ. 6456, 2009 WL 1403869, at *8 (S.D.N.Y. May 19, 2009) (internal quotation marks and alterations omitted). Accordingly, there is no genuine issue of material fact with respect to whether FairFin's conduct amounted to a breach.

Moreover, the fact that the transaction between Brevet and FairFin contemplated by the LOI was never consummated does not alter our analysis. Defendant argues that the period of exclusivity could be construed as terminating if the transaction between Brevet and FairFin did not close by July 6, 2007. Even if we were to agree with that construction, FairFin clearly was in breach of the exclusivity provision *before* July 6, 2007, as noted above. Therefore, under the terms of the LOI, the $1.5 million break-up fee became due and payable to Brevet on February 12, 2008, when FairFin completed another transaction in lieu of the transaction with Brevet.

Second, we agree with the District Court that Brevet was entitled to the full-break up fee, and not the reduced amount provided for in the handwritten addendum. *See FCS Advisors*, 2009 WL 1403869, at *10. The addendum allowed for a reduced break-up fee if (1) FairFin closed on a particular financing transaction—which was under consideration at the time Brevet and FairFin entered into the LOI—with a company called Summit Consumer Fund, L.P. ("Summit"), and (2) FairFin reasonably believed Brevet would be unable to close on the Brevet-FairFin financing transaction by July 6, 2007. FairFin ultimately did close on the Summit transaction but later closed on *another* transaction that the District Court properly concluded was in lieu of the Brevet transaction. Although FairFin's closing on the Summit transaction might only have entitled Brevet to the reduced break-up fee, FairFin's completion of the second, more comprehensive financing transaction in February 2008 rendered it liable for the full $1.5 million break-up fee.

Finally, we agree with the District Court that the $1.5 million break-up fee—a form of liquidated damages—was not unenforceable under New York law. Under New York law, "[t]he party opposing enforcement of a liquidated damages provision bears the burden of proving that the provision operates as a penalty." *FCS Advisors*, 2009 WL 1403869, at *11 (citing *JMD Holding Corp. v. Congress Fin. Corp.*, 828 N.E.2d 604, 609 (N.Y. 2005)). As the District Court explained, "FairFin has simply not met its burden of showing that Brevet's actual damages could be readily determined or that the $1.5 million break-up fee is 'plainly disproportionate' to Brevet's losses." *Id.* at *11. FairFin has therefore not met its burden of demonstrating that the break-up fee operated as an unenforceable penalty.

3

## CONCLUSION

We have considered all of defendant's remaining arguments with respect to the District Court's entry of summary judgment and find them to be without merit.  For the foregoing reasons, the judgment of the District Court is **AFFIRMED** insofar as it entered summary judgment in favor of plaintiff.  We vacate the judgment insofar as it applied New York law to the calculation of post-judgment interest for the reasons set forth in the separate *per curiam* opinion entered herewith.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court

4