■ CHAPPO & Co., INC., Appellant-Respondent, v ION GEOPHYSICAL CORPORATION, Respondent-Appellant, and BARCLAYS CAPITAL INC. et al., Respondents. [921 NYS2d 227]—

Order, Supreme Court, New York County (Barbara R. Kapnick, J.), entered June 30, 2010, which granted the motions by defendants Barclays Capital Inc., Icon Capital Corp. and Icon Ion, LLC to dismiss the cause of action for tortious interference with contract, and granted so much of defendant Ion Geophysical Corporation's motion to dismiss the cause of action for fraud in the inducement and denied so much of its motion to dismiss the breach of contract cause of action, unanimously modified, on the law, to grant Ion's motion as to the breach of contract cause of action, and otherwise affirmed, without costs. The Clerk is directed to enter judgment in favor of defendants dismissing the complaint.

The cause of action alleging fraud in the inducement is barred by the merger clause contained in the engagement letter (*see Deerfield Communications Corp. v Chesebrough-Ponds, Inc.*, 68 NY2d 954, 956 [1986]; *GoSmile, Inc. v Levine*, 81 AD3d 77 [2010]). In any event, it is duplicative of the breach of contract cause of action (*see Mañas v VMS Assoc., LLC*, 53 AD3d 451, 453 [2008]).

The cause of action for breach of contract must be dismissed because plaintiff fails to allege its own performance under the contract or an actionable breach by defendant Ion (*see Clearmont Prop., LLC v Eisner*, 58 AD3d 1052, 1055 [2009]). Although plaintiff alleges that it found a lender, the documentary evidence shows that no terms had been finalized and that the loan amount was less than half the amount required by the engagement letter. As Ion was not required to pay plaintiff a fee until a lender had been secured, its nonpayment was not a breach of the agreement. In addition, the documentary evidence contradicts plaintiff's assertion of noncooperation by Ion. In any event, plaintiff's damages were limited to the $50,000 breakage fee, of which plaintiff is already in possession (*see e.g. FCS Advisors, Inc. v Fair Fin. Co., Inc.*, 378 Fed Appx 65, 68 [2d Cir 2010] [break-up fee is form of liquidated damages]).

The cause of action for tortious interference with contract fails because it is unsupported by any factual allegations concerning the conduct of defendants Barclays and Icon. Plaintiff contends that it would be unfair to dismiss this claim before discovery, but "[it] will not be allowed to use pretrial discovery as a fishing expedition when [it] cannot set forth a reliable factual basis for what amounts to, at best, mere

suspicions" (*Devore v Pfizer Inc.*, 58 AD3d 138, 144 [2008], *lv denied* 12 NY3d 703 [2009]). In any event, the cause of action for tortious interference cannot stand because the complaint does not allege a breach of contract against Barclays and Icon (*New York Pepsi-Cola Distribs. Assn. v Pepsico, Inc.*, 240 AD2d 315, 316 [1997]). Concur—Mazzarelli, J.P., Friedman, Acosta, DeGrasse and Román, JJ.