■ MAHON, MAHON, KERINS & O'BRIEN, LLC, Respondent, v DAVID MOSKOFF, Appellant, et al., Defendants. [926 NYS2d 540]—

In a stakeholder's interpleader action pursuant to CPLR 1006, the defendant David Moskoff appeals from an order and judgment (one paper) of the Supreme Court, Nassau County (Iannacci, J.), entered January 16, 2009, which denied his motion to dismiss the complaint, in effect, granted the plaintiff's cross motion for summary judgment, inter alia, discharging him from

all further liability regarding the payment of certain disputed funds and awarding him an attorney's fee and costs, and, among other things, awarded the plaintiff an attorney's fee and costs.

Ordered that the order and judgment is affirmed, with costs.

The plaintiff, which represents the estate of the father of the defendant David Moskoff, commenced this stakeholder's interpleader action against, among others, Moskoff, after being subjected to conflicting claims to certain estate funds (*see* CPLR 1006).

The Supreme Court properly denied Moskoff's motion to dismiss the complaint. Moskoff's contentions with respect to jurisdiction, venue, and standing are without merit, as are his contentions that he is not a claimant within the meaning of CPLR 1006 (a).

The Supreme Court properly, in effect, granted that branch of the plaintiff's cross motion which was for summary judgment discharging him from all further liability regarding the payment of the disputed funds. In support of its cross motion, the plaintiff demonstrated that it was a neutral stakeholder with no interest in those funds (*see Sun Life Ins. & Annuity Co. of N.Y. v Braslow*, 38 AD3d 529 [2007]). In opposition, Moskoff failed to raise an issue as to whether the plaintiff had any independent liability (*see* CPLR 1006 [e]; *Sun Life Ins. & Annuity Co. of N.Y. v Braslow*, 38 AD3d at 529-530).

Additionally, because the plaintiff is a neutral stakeholder forced to participate in the dispute between the claimants over the disputed funds, the Supreme Court properly, in effect, granted that branch of the plaintiff's cross motion which was for summary judgment awarding him an attorney's fee and costs (*see* CPLR 1006 [f]; *Sun Life Ins. & Annuity Co. of N.Y. v Braslow*, 38 AD3d at 530; *American Intl. Life Assur. Co. of N.Y. v Ansel*, 273 AD2d 421, 422 [2000]). We note that Moskoff's objections to the document that formed the basis for the award of an attorney's fee are made for the first time on appeal.

Moskoff's contentions that the plaintiff violated various CPLR provisions by presenting affirmations when affidavits would have been appropriate, improperly serving certain documents, and amending its complaint are either waived or unpreserved for appellate review. Additionally, based on the record before this Court, Moskoff's remaining contentions are without merit

or involve matters dehors the record. Mastro, J.P., Dickerson, Chambers and Roman, JJ., concur.

---

Motion by the appellant on an appeal from an order and judgment (one paper) of the Supreme Court, Nassau County, entered January 16, 2009, to strike the brief of the defendant Malen & Associates, P.C. By decision and order on motion of this Court dated January 6, 2011, that branch of the motion which was to strike the brief of the defendant Malen & Associates, P.C., was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion, the papers filed in opposition or relation thereto, and upon the argument of the appeal, it is

Ordered that the branch of the motion which was to strike the brief of the defendant Malen & Associates, P.C., is denied. Mastro, J.P., Dickerson, Chambers and Roman, JJ., concur.