■ RONIT D. APPEL, Appellant, v PAUL M. GIDDINS et al., Respondents, et al. Defendant. [933 NYS2d 229]—

Plaintiff's and defendant Goldberg's competing claims to the contract deposit held by the Giddins defendants (Giddins) as escrow agent are sufficient to support Giddins's interpleader counterclaim and cross claim (see Fischbein, Badillo, Wagner v Tova Realty Co., 193 AD2d 442 [1993]). Giddins's claim for costs and reasonable attorneys' fees may proceed because, notwithstanding plaintiff's characterization, her claims against Giddins are based on Giddins's performance of its duties as escrowee, and the contract provides for Giddins's recovery of costs and reasonable attorneys' fees incurred in connection with the performance of its duties as escrowee, which include responding to plaintiff's claims (see CPLR 1006 [f]; Sun Life Ins. & Annuity Co. of N.Y. v Braslow, 38 AD3d 529 [2007]).

The tenth, eleventh and thirteenth causes of action, which seek damages arising from Giddins's holding of the deposit, fail to state causes of action because plaintiff does not allege that Giddins breached any of its duties as escrow agent.

The tenth cause of action, which alleges fraudulent inducement via the false statement that a lis pendens on the apartment would be removed before or at the closing, fails to state a cause of action for the additional reason that, since the closing never took place, it cannot be shown that such a statement was false (see GoSmile, Inc. v Levine, 81 AD3d 77, 81 [2010], lv dismissed 17 NY3d 782 [2011]). In any event, the documentary evidence shows that there was no promise that the lis pendens would be removed before the closing. The contract obligated plaintiff to accept such title as the title company was willing to approve and insure, and the title company confirmed in writing that the lis pendens would be omitted from the title report as an exception to title. Plaintiff's e-mail demanding confirmation that the lis pendens would be removed after the closing

establishes that she knew that the lis pendens was to be removed after the closing.

Nor does the tenth cause of action state a cause of action for negligent misrepresentation, since plaintiff could not reasonably rely on Giddins in its role as Goldberg's attorney (*see Hudson Riv. Club v Consolidated Edison Co. of N.Y.*, 275 AD2d 218, 220 [2000]; *Aglira v Julien & Schlesinger*, 214 AD2d 178, 185 [1995]).

In any event, whether it alleges fraud in the inducement or negligent misrepresentation, the tenth cause of action is barred by the merger clause in the contract (*see Chappo & Co., Inc. v Ion Geophysical Corp.*, 83 AD3d 499 [2011]).

In her claim for punitive damages, plaintiff failed to allege the requisite "egregious tortious conduct by which . . . she was aggrieved, [and] also that such conduct was part of a pattern of similar conduct directed at the public generally" (*see Rocanova v Equitable Life Assur. Socy. of U.S.*, 83 NY2d 603, 613 [1994]).

The claim for treble damages pursuant to Judiciary Law § 487 fails to state a cause of action because the conduct of which plaintiff complains did not occur in the course of a pending action (*see Hansen v Caffry*, 280 AD2d 704, 705 [2001], *lv denied* 97 NY2d 603 [2001]).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Andrias, J.P., Friedman, DeGrasse, Freedman and Manzanet-Daniels, JJ.