■ LIBERTY EQUITY RESTORATION CORPORATION, Respondent, v MAENG-SOON YUN et al., Defendants/Third-Party Plaintiffs-Appellants. FRANK LoPRIORE et al., Third-Party Defendants-Respondents, et al., Third-Party Defendants. In the Matter of KIL CHUNG YUN et al., Appellants, v LIBERTY EQUITY RESTORA-

In a consolidated action, inter alia, to recover damages for breach of contract, and summary holdover proceeding, the defendants/third-party plaintiffs/petitioners appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (O. Bellantoni, J.), dated August 28, 2013, as denied those branches of their motion which were for summary judgment awarding them possession of the subject premises and for summary judgment awarding them the value of the use and occupancy of the subject premises as of August 1, 2012, as against the plaintiff/respondent, Liberty Equity Restoration Corporation, and the third-party defendants Frank LoPriore and Mary Ann LoPriore.

Ordered that the order is modified, on the law, by deleting the provisions thereof denying those branches of the motion of the defendants/third-party plaintiffs/petitioners which were for summary judgment awarding them possession of the subject premises and for summary judgment awarding them the value of the use and occupancy of the subject premises as of August 1, 2012, as against the plaintiff/respondent, Liberty Equity Restoration Corporation, and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed insofar as appealed from, with costs payable to the defendants/third-party plaintiffs/petitioners by the plaintiff/respondent, Liberty Equity Restoration Corporation, and the matter is remitted to the Supreme Court, Westchester County, to determine the amount of damages owed to the defendants/third-party plaintiffs/petitioners by the plaintiff/respondent, Liberty Equity Restoration Corporation, in accordance herewith.

The appellants, who own a home located in Bedford, entered into a contract with Liberty Equity Restoration Corporation (hereinafter Liberty Equity), of which the third-party defendant Frank LoPriore is the president, for the sale of the home. Contemporaneously therewith, the appellant Kil Chung Yun and Liberty Equity also entered into a lease agreement, granting Liberty Equity the right, as tenant, to occupy the subject premises for a one-year term ending on July 31, 2012.

Liberty Equity commenced this action against the appellants to recover damages for breach of the contract of sale. Based on the expiration of the lease term, the appellants commenced a summary holdover proceeding in the North Castle Justice

Court against Liberty Equity. The holdover proceeding was removed from the North Castle Justice Court and consolidated with the instant plenary action. The appellants also commenced a third-party action against, among others, Frank LoPriore and his wife, Mary Ann LoPriore. The appellants moved, inter alia, for summary judgment awarding them possession of the subject premises and for summary judgment awarding them the value of the use and occupancy of the subject premises as of August 1, 2012, as against Liberty Equity and those third-party defendants. The Supreme Court denied the motion.

The appellants demonstrated their prima facie entitlement to judgment as a matter of law awarding them possession of the subject premises as against Liberty Equity by establishing, through an affidavit of Frank LoPriore previously submitted in the action/proceeding, that Liberty Equity occupied the subject premises after the expiration of the lease (*see* RPAPL 711 [1]; *Pinecrest Natl. Funding, LLC v Aatlas-B Props., Inc.*, 68 AD3d 833, 834 [2009]). Liberty Equity failed to raise a triable issue of fact in opposition.

Additionally, the appellants established their prima facie entitlement to the value of the use and occupancy of the subject premises as against Liberty Equity, from the date of expiration of the lease, through the date on which the property was vacated by Liberty Equity and/or its licensees or members (*see* Real Property Law § 220; *Magen David of Union Sq. v 3 W. 16th St., LLC*, 89 AD3d 24, 34 [2011]; *Gallagher v Roman*, 58 AD3d 800, 801-802 [2009]; *Chock Full O'Nuts Corp. v NRP LLC I*, 47 AD3d 189, 195-196 [2007]). Liberty Equity failed to raise a triable issue of fact in opposition.

However, issues of fact exist as to the value of the use and occupancy of the subject premises. Accordingly, we remit the matter to the Supreme Court, Westchester County, for a determination of the value of use and occupancy owed by Liberty Equity to the appellants.

The parties' remaining contentions are without merit. Skelos, J.P., Balkin, Roman and Hinds-Radix, JJ., concur.