■ FIDELITY AND DEPOSIT COMPANY OF MARYLAND, Respondent, v FLORENTINA BARROGA-HAYES, Appellant, and MICHAEL

HAYES et al., Respondents. [13 NYS3d 106]—In a stakeholder's interpleader action pursuant to CPLR 1006, the defendant Florentina Barroga-Hayes appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Richmond County (Minardo, J.), dated June 11, 2013, as, upon an order of the same court dated February 5, 2013, inter alia, granting that branch of the motion of the defendant Abrams Garfinkel Margolis Bergson, LLP, which was for summary judgment dismissing her cross claim insofar as asserted against it, and upon an order of the same court dated February 15, 2013, inter alia, granting that branch of the plaintiff's motion which was for summary judgment on the complaint, directed the plaintiff to deposit into court certain funds, declared that, upon making such deposit, the plaintiff is discharged from any and all liability to any party in the action, and referred the matter to another Justice of the Supreme Court, Richmond County, for determination of the appropriate distribution of the subject funds.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as it sought interpleader relief pursuant to CPLR 1006 (f). The plaintiff demonstrated that it was a neutral stakeholder with no interest in certain funds pertaining to its undertaking on an appeal bond (*see Mahon, Mahon, Kerins & O'Brien, LLC v Moskoff*, 85 AD3d 738, 739 [2011]; *Sun Life Ins. & Annuity Co. of N.Y. v Braslow*, 38 AD3d 529, 529 [2007]). In opposition, the appellant failed to raise a triable issue of fact.

Moreover, the Supreme Court properly granted that branch of the motion of the defendant Abrams Garfinkel Margolis Bergson, LLP, which was for summary judgment dismissing the appellant's cross claim insofar as asserted against it (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Zuckerman v City of New York*, 49 NY2d 557, 559 [1980]).

The appellant's remaining contention is without merit. Dillon, J.P., Leventhal, Chambers and Maltese, JJ., concur.