Citibank, N.A. v Park (2019 NY Slip Op 05761)





Citibank, N.A. v Park


2019 NY Slip Op 05761


Decided on July 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JOHN M. LEVENTHAL
SHERI S. ROMAN
HECTOR D. LASALLE, JJ.


2016-12007
 (Index No. 703107/14)

[*1]Citibank, N.A., respondent, 
v
Gary S. Park, appellant, et al., defendants.


Sim & Record, LLP, Bayside, NY (Sang J. Sim of counsel), for appellant.
Zeichner Ellman & Krause LLP, New York, NY (Barry J. Glickman and Greg M. Bernhard of counsel), for respondent.



DECISION & ORDER
In a stakeholder's interpleader action pursuant to CPLR 1006, the defendant Gary S. Park appeals from an order of the Supreme Court, Queens County (Janice A. Taylor, J.), entered October 13, 2016. The order granted those branches of the plaintiff's motion which were for summary judgment on the complaint and for an order directing the plaintiff to retain the disputed funds pending further order of the court, and, in effect, granted those branches of the plaintiff's motion which were to be discharged from liability to the defendants for the disputed funds and for an award of the costs and expenses, including an attorney's fee, incurred by the plaintiff in the prosecution of this action.
ORDERED that the order is affirmed, with costs.
The defendants Gary S. Park and Benjamin S. Hahm were partners in the defendant law firm Charles C. Khym & Company, P.C. (hereinafter CCK). In April 2013, Park commenced a proceeding in the Supreme Court, Queens County, to remove Hahm from CCK. In June 2013, Park opened an Interest on Lawyer Account (hereinafter IOLA account) and a flexible checking account (hereinafter together with the IOLA account, the disputed funds) with the plaintiff, Citibank, N.A. (hereinafter Citibank). By order dated September 11, 2013, the Supreme Court granted Hahm's motion to enjoin Park and CCK from, inter alia, paying out or otherwise transferring any property of CCK. In November 2013, Citibank notified Park that it had frozen the disputed funds in response to the September 11, 2013, order.
In May 2014, Citibank commenced this stakeholder's interpleader action pursuant to CPLR 1006, alleging that it was subject to conflicting claims to the disputed funds. Park and CCK interposed an answer and counterclaimed for a judgment declaring that Citibank improperly restrained the disputed funds. Citibank moved, among other things, for summary judgment on the complaint, to be discharged from liability to the defendants for the disputed funds, for an order directing Citibank to retain the disputed funds pending further order of the court, and for an award of the costs and expenses, including an attorney's fee, incurred by Citibank in the prosecution of this action. Park and CCK opposed those branches of Citibank's motion. By order entered October 13, 2016, the Supreme Court granted those branches of the motion which were for summary judgment on the complaint and for an order directing Citibank to retain the disputed funds pending further order of the court, and, in effect, granted those branches of the motion which were to be discharged from liability to the defendants for the disputed funds and for an award of the costs and expenses, including an attorney's fee, incurred by Citibank in the prosecution of this action. Park appeals.
We agree with the Supreme Court's determination to grant that branch of Citibank's motion which was for summary judgment on the complaint and, in effect, to grant that branch of Citibank's motion which was for summary judgment discharging it from liability to the defendants for the disputed funds. Citibank demonstrated that it was a neutral stakeholder with no interest in those funds (see Fidelity & Deposit Co. of Md. v Barroga-Hayes, 129 AD3d 773, 774; Mahon, Mahon, Kerins & O'Brien, LLC v Moskoff, 85 AD3d 738, 739; Sun Life Ins. & Annuity Co. of New York v Braslow, 38 AD3d 529, 529; Republic Natl. Bank of N.Y. v Lupo, 215 AD2d 467, 468). In opposition, Park failed to raise a triable issue of fact as to whether Citibank had any independent liability (see CPLR 1006[e]; Mahon, Mahon, Kerins & O'Brien, LLC v Moskoff, 85 AD3d at 739; Sun Life Ins. & Annuity Co. of N.Y. v Braslow, 38 AD3d at 529-530). Park's contention that Citibank acted improperly in restraining the disputed funds in response to the September 11, 2013, order is belied by the language of that order, which remained in full force and effect (see Matarazzo Blumberg & Assoc., P.C. v Hyo Shin Bible Presbyt. Church of N.Y., 267 AD2d 74, 75; cf. Inovlotska v Greenpoint Bank, 8 AD3d 623, 624-625).
Additionally, because Citibank is a neutral stakeholder forced to participate in the dispute between the claimants over the disputed funds, we agree with the Supreme Court's determination, in effect, to grant that branch of Citibank's motion which was for an award of the costs and expenses, including an attorney's fee, incurred by Citibank in the prosecution of this action (see CPLR 1006[f]; Mahon, Mahon, Kerins & O'Brien, LLC v Moskoff, 85 AD3d at 739; Sun Life Ins. & Annuity Co. of N.Y. v Braslow, 38 AD3d at 530; American Intl. Life Assur. Co. of N.Y. v Ansel, 273 AD2d 421, 422).
Park's remaining contention is without merit.
AUSTIN, J.P., LEVENTHAL, ROMAN and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court