Matthews, Kirst & Cooley, PLLC v Plaza Surf & Sports, Inc. (2022 NY Slip Op 03718)

Matthews, Kirst & Cooley, PLLC v Plaza Surf & Sports, Inc.

2022 NY Slip Op 03718

Decided on June 8, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 8, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
REINALDO E. RIVERA
ROBERT J. MILLER
JOSEPH J. MALTESE, JJ.

2020-00181
 (Index No. 603757/19)

[*1]Matthews, Kirst & Cooley, PLLC, plaintiff- respondent 
v
Plaza Surf & Sports, Inc., et al., defendants, Sag Harbor Pooh, LLC, defendant-appellant-respondent, Addo Sag Harbor, LLC, defendant-respondent-appellant.

Ingram Yuzek Gainen Carroll & Bertolotti, LLP, New York, NY (Cory L. Weiss, Mioko C. Tajika, and Andrew M. Clark of counsel), for defendant-appellant-respondent.
Wallace Neel, New York, NY, for defendant-respondent-appellant.
Matthews, Kirst & Cooley, PLLC, East Hampton, NY (Brian E. Matthews of counsel), plaintiff-respondent pro se.

DECISION & ORDER
In a stakeholder's interpleader action pursuant to CPLR 1006, the defendant Sag Harbor Pooh, LLC, appeals, and the defendant Addo Sag Harbor, LLC, cross-appeals, from an order and judgment (one paper) of the Supreme Court, Suffolk County (David Reilly, J.), dated December 16, 2019. The order and judgment, insofar as appealed from, granted that branch of the motion of the defendant Addo Sag Harbor, LLC, which was for summary judgment directing the plaintiff to release the disputed funds to it, denied the cross motion of the defendant Sag Harbor Pooh, LLC, for summary judgment directing the plaintiff to release the disputed funds to it, and directed the plaintiff to release the disputed funds to the defendant Addo Sag Harbor, LLC. The order and judgment, insofar as cross-appealed from, granted the plaintiff's cross motion to interplead the disputed funds and to be discharged from any and all liability in the action with respect to the disputed funds, and directed that the plaintiff was so discharged from liability upon the release of the disputed funds.
ORDERED that the order and judgment is modified, on the law, by deleting the provision thereof granting that branch of the motion of the defendant Addo Sag Harbor, LLC, which was for summary judgment directing the plaintiff to release the disputed funds to it, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs to the plaintiff, payable by the defendant Addo Sag Harbor, LLC, and one bill of costs to the defendant Sag Harbor Pooh, LLC, payable by the defendant Addo Sag Harbor, LLC, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings consistent herewith.
The defendant Sag Harbor Pooh, LLC (hereinafter SHP), is the landlord of certain commercial property located in Sag Harbor (hereinafter the premises). On September 12, 2014, SHP leased the premises to the defendant Plaza Surf and Sports, Inc. (hereinafter Plaza). Sometime [*2]thereafter, Plaza purportedly entered into a sublease with the defendant Addo Sag Harbor, LLC (hereinafter Addo), which is owned by the defendant Shelly Bredau (hereafter together Addo/Bredau). On May 5, 2016, after a disagreement arose between Plaza and Addo/Bredau, Addo/Bredau began depositing with the plaintiff certain monies (hereinafter the disputed funds), constituting use and occupancy fees allegedly owed by Addo/Bredau to Plaza. The disputed funds, totaling $165,443.43, were held by the plaintiff in an escrow account.
In 2017, SHP commenced an action against Plaza to recover unpaid rent (hereinafter the rental action) for the premises. In the rental action, a judgment was entered on June 22, 2018, in favor of SHP and against Plaza in the principal sum of $217,025.05.
In February 2019, the plaintiff commenced this stakeholder's interpleader action pursuant to CPLR 1006, alleging that it was subject to competing claims with respect to the disputed funds. Issue was joined by Addo/Bredau and SHP. Thereafter, Addo moved, inter alia, for summary judgment directing the plaintiff to release the disputed funds to it. SHP opposed Addo's motion, and cross-moved for summary judgment directing the plaintiff release the disputed funds to it. The plaintiff cross-moved to interplead the disputed funds and to be discharged from any and all liability in the action with respect to the disputed funds. In an order and judgment dated December 16, 2019, the Supreme Court, inter alia, granted that branch of Addo's motion, denied SHP's cross motion, and granted the plaintiff's cross motion.
The Supreme Court erred in granting that branch of Addo's motion which was for summary judgment directing the plaintiff to release the disputed funds to it. Here, SHP established that it obtained a judgment in its favor and against Plaza for unpaid rent relating to the premises. As a judgment creditor of Plaza, SHP established, prima facie, an interest in the disputed funds superior to that of Addo/Bredau and the remaining defendants (see CPLR 5225[b]; Matter of Centerpointe Corporate Park Plaza Partnership 350 v MONY, 96 AD3d 1401, 1402). However, SHP's submissions failed to eliminate all triable issues of fact so as to entitle it to summary judgment directing the plaintiff to release the disputed funds to it. As Plaza's judgment creditor, SHP stands in Plaza's shoes (see Matter of White Plains Plaza Realty, LLC v Cappelli Enters., Inc., 108 AD3d 634, 636), and thus, SHP only has rights to so much of the disputed funds to which Plaza has an interest. Issues of fact exist, inter alia, as to the terms of the purported sublease entered into between Plaza and Addo, the value of the rent or use and occupancy of the premises allegedly owed by Addo to Plaza, and whether Addo is entitled to any offset against an amount owed by Addo to Plaza. Accordingly, the matter must be remitted to the Supreme Court, Suffolk County, for a determination of these issues (see Liberty Equity Restoration Corp. v Maeng-Soon Yun, 129 AD3d 785, 786).
The Supreme Court properly granted the plaintiff's cross motion to interplead the disputed funds and to be discharged from any and all liability in the action with respect to the disputed funds. The plaintiff demonstrated that it was a neutral stakeholder with no interest in the disputed funds (see CPLR 1006[a], [f]; New York Commercial Bank v Jacobs, 200 AD3d 991; Citibank, N.A. v Park, 174 AD3d 778, 780; Fidelity & Deposit Co. of Md. v Barroga-Hayes, 129 AD3d 773, 774).
The parties' remaining contentions either are without merit or need not be reached
in light of our determination.
IANNACCI, J.P., RIVERA, MILLER and MALTESE, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court