| |
|---|
| **My Goals Solutions, Inc. v Ansari** |
| 2025 NY Slip Op 32083(U) |
| June 10, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 651078/2024 |
| Judge: Lyle E. Frank |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. LYLE E. FRANK**                          PART              **11M**

                                                    *Justice*

----------------------------------------------------------------------X

MY GOALS SOLUTIONS, INC.,JAMES R. LYONS,

                        Plaintiff,

                        - v -

KAYVAN ANSARI, MICHAEL E. JONES, MD, P.C. D/B/A
LEXINGTON PLASTIC SURGEONS, MICHAEL E. JONES,
FICTICIOUS PARTIES A-J

                        Defendant.

----------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 651078/2024 |
| MOTION DATE | 07/26/2024 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 26, 27, 28, 29, 30, 31, 34, 35, 38, 40, 42, 57

were read on this motion to/for                          DISMISSAL                          .

Upon the foregoing documents, defendant's motion is granted in part and denied in part.[1]

## Background

In 2021, defendant Dr. Kayvan Ansari, a plastic surgeon, signed an independent contractor agreement (the "Agreement") with a Dr. James Lyons. Dr. Lyons appears to have been operating a medical spa under the branding of Goals Aesthetics and Plastic Surgery, which is managed by My Goals Solutions, Inc (collectively with Dr. Lyons, "Plaintiffs"). The Court notes that Dr. Lyons is currently a named plaintiff but did not sign the complaint and according to text messages provided in NYSCEF doc 78, appears to have been unaware of this proceeding. The Agreement contained, among other things, various restrictive covenants relating to the performance of cosmetic liposuction under local anesthesia (the "Procedure") and a ninety-day notice provision. There are two non-competes in the Agreement: one stating that Dr. Ansari

---

[1] The Court would like to thank Matthew Wisniewski for his assistance in this matter.

**651078/2024   MY GOALS SOLUTIONS, INC. ET AL vs. ANSARI MD, KAYVAN ET AL**                          **Page 1 of 10**
**Motion No.  002**

[* 1]

cannot perform the Procedure for two years within 50 miles of a My Goals location or affiliate (the "Direct Non-Compete"), and another stating that Dr. Ansari would not for two years work at a clinic where any other person performed the Procedure, where said clinic was within 300 miles of any My Goals clinic or affiliate (the "Associational Non-Compete").

In April of 2023, Dr. Ansari started working at Lexington Plastic Surgery ("LPS"), a medical office in Manhattan that advertises that they perform the Procedure, among other services. My Goals found out about this on January 16, 2024. They also allege that it has been advertised that Dr. Ansari invented the Procedure and that this claim is false. Plaintiffs filed the underlying proceeding in July of 2024, pleading claims for breach of contract and unjust enrichment against Dr. Ansari, and a claim requesting injunctive relief. Dr. Ansari brings the present motion to dismiss.

**Standard of Review**

It is well settled that when considering a motion to dismiss pursuant to CPLR § 3211, "the pleading is to be liberally construed, accepting all the facts alleged in the pleading to be true and according the plaintiff the benefit of every possible inference." *Avgush v. Town of Yorktown*, 303 A.D.2d 340, 341 [2d Dept. 2003]. Dismissal of the complaint is warranted "if the plaintiff fails to assert facts in support of an element of the claim, or if the factual allegations and inferences to be drawn from them do not allow for an enforceable right of recovery." *Connaughton v. Chipotle Mexican Grill, Inc*, 29 N.Y.3d 137, 142 [2017].

CPLR § 3211(a)(1) allows for a complaint to be dismissed if there is a "defense founded upon documentary evidence." Dismissal is only warranted under this provision if "the documentary evidence submitted conclusively establishes a defense to the asserted claims as a matter of law." *Leon v. Martinez,* 84 N.Y.2d 83, 88 [1994].

**651078/2024   MY GOALS SOLUTIONS, INC. ET AL vs. ANSARI MD, KAYVAN ET AL**
**Motion No.  002**

**Page 2 of 10**

2 of 10

A party may move for a judgment from the court dismissing causes of action asserted against them based on the fact that the pleading fails to state a cause of action. CPLR § 3211(a)(7). For motions to dismiss under this provision, "[i]nitially, the sole criterion is whether the pleading states a cause of action, and if from its four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law." *Guggenheimer v. Ginzburg*, 43 N.Y. 2d 268, 275 [1977].

**Discussion**

Dr. Ansari moves to dismiss the complaint and for an order declaring the restrictive covenants in the Agreement as unenforceable as a matter of law. There are two main issues raised: 1) whether the restrictive covenants are enforceable as a matter of law; and 2) whether the penalty in the Agreement for failing to provide 90 days' notice is an unenforceable penalty, or if not, if it was triggered. Plaintiffs opposes the motion, arguing that there are disputed areas of fact that would preclude granting a motion to dismiss. For the reasons that follow, the first cause of action for breach of contract, to the extent that it is pled by My Goals or is based on the two non-competes in the Agreement, is dismissed. The two non-competes in the Agreement are unenforceable as a matter of law. To the extent that it is pled by Dr. Lyons based on the notice provision, it is not dismissed. Dismissal of the third cause of action for unjust enrichment is likewise not granted.

*Only Dr. Lyons Can Bring the Breach of Contract Claim(s) Against Dr. Ansari*

As a preliminary matter, there are issues about privity raised in the papers and in the record of this case. In motion sequence 006, Dr. Ansari submitted screenshots of text messages from Dr. Lyons and an attorney affirmation, with allegations that Dr. Lyons was unaware of this proceeding and did not wish to be a part of it. Opposing counsel, who claims to be representing

**651078/2024   MY GOALS SOLUTIONS, INC. ET AL vs. ANSARI MD, KAYVAN ET AL**
**Motion No.  002**

Page 3 of 10

3 of 10

"Plaintiffs" (presumably, the only two named plaintiffs in this action, My Goals and Dr. Lyons) represented in NYSCEF # 90 that "Dr. Lyons retired and Plaintiffs have now filed a motion to amend the caption to name the successor to the practice which has received an assignment of all rights thereto." But no such motion appears to have been made, and the Court is unaware of the identity of any successor who might have received an assignment of rights from Dr. Lyons. The Court presumes that Dr. Lyons is still a part of this action, as there have been no motions made to the contrary. Counsel for Plaintiffs admits in their papers that My Goals has no privity under the Agreement and "as such, cannot bring breach of contract claims against same generally." Therefore, while not delineated in the complaint who brings which cause of action, to the extent that any of the breach of contract claims are brought by My Goals against Dr. Ansari, they are dismissed.

### *There Are No Allegations Pled that Support a Breach of the Direct Non-Compete*

As a preliminary matter, Dr. Ansari moves to dismiss any portion of the breach of contract claim that is predicated on a breach of the Direct Non-Compete on the grounds that it is never alleged that he performed the Procedure himself. Failure to allege an actionable breach is grounds for dismissal of a breach of contract claim. *Chappo & Co., Inc. v. Ion Geophysical Corp.*, 83 A.D.3d 499, 500 [1st Dept. 2011]. Plaintiffs argue that it is a disputed area of fact that Dr. Ansari did not perform the Procedure, because he did not bring proof that he has not performed the Procedure. They also point to allegations in the complaint that the Procedure is performed at LPS, and that there are advertisements claiming that Dr. Ansari invented certain "body-sculpting procedures" that were actually developed by Plaintiffs. But it appears based on the defined terms in the Agreement and the parties' papers that these 'body-sculpting procedures' are different from the Procedure that forms the subject of the Direct Non-Compete.

**651078/2024   MY GOALS SOLUTIONS, INC. ET AL vs. ANSARI MD, KAYVAN ET AL**        **Page 4 of 10**
**Motion No.  002**

4 of 10

Therefore, because there are no allegations in the complaint that Dr. Ansari himself performed the Procedure, any claim asserted against him that is resting on a breach of the Direct Non-Compete should be dismissed for failure to state a claim. Plaintiffs argue that discovery might uncover facts going to a breach of the Direct Non-Compete, but this is not sufficient to withstand a motion to dismiss. A plaintiff is not permitted "to use pretrial discovery as a fishing expedition when [it] cannot set forth a reliable factual basis for what amounts to at best, mere suspicions." *Chappo*, at 500 – 01.

### The Non-Competes Are Unenforceable as a Matter of Law

The analysis then turns to whether a breach of contract claim based on a breach of the Associational Non-Compete is validly pled. Dr. Ansari argues that the Associational Non-Compete is void as a matter of law and overbroad. Plaintiffs argue that there are fact questions going to the enforceability and broadness of the Associational Non-Compete and that such a question cannot be resolved on a motion to dismiss. But the enforceability of a restrictive covenant is an appropriate analysis on a motion to dismiss. *See, e.g., Twitchell Tech. Prods., LLC v. Mechoshade Sys., LLC*, 227 A.D.3d 45 [2nd Dept. 2024]; *Artech Info Sys., L.L.C. v. Tee*, 280 A.D.2d 117 [1st Dept. 2001]. Employee non-competes in New York are "not favored and thus are strictly construed." *Long Is. Minimally Invasive Surgery, P.C. v. St. John's Episcopal Hosp.*, 164 A.D.3d 575, 577 [2nd Dept. 2018]. They are evaluated according to a three-part test and are enforceable "only if it (1) is *no greater* than is required for the protection of the *legitimate interest* of the employer, (2) does not impose undue hardship on the employee, and (3) is not injurious to the public" (emphasis in original). *Bdo Seidman v. Hirshberg*, 93 N.Y.2d 382, 388 – 89 [1999].

**651078/2024   MY GOALS SOLUTIONS, INC. ET AL vs. ANSARI MD, KAYVAN ET AL**        **Page 5 of 10**
**Motion No.  002**

5 of 10

Both the non-competes, and particularly the Associational Non-Compete, cover a staggering geographical reach. Part of the first prong of the reasonableness test for a non-compete is whether the restriction is "reasonable in time and area." *Bdo*, at 389. In *Long Island*, the Second Department found a non-compete preventing a surgeon from operating in the New York metropolitan area "geographically unreasonable." *Long Is.*, at 577. The New York Eastern District Court found a non-compete covering a hundred-mile radius of New York City unreasonable. *Unisource Worldwide, Inc. v. Valenti*, 196 F.Supp.2d 269, 277 [E.D.N.Y. 2002]. On their face, the 50-mile radius for the Direct Non-Compete and 300 miles for the Associational Non-Compete are both geographically over-broad and unreasonable.

*Plaintiffs Have Not Alleged a Legitimate Business Interest, Preventing Partial Enforcement*

But simply finding an employee non-compete overbroad and unenforceable does not end the inquiry, because partial enforcement may be proper "if the employer demonstrates an absence of overreaching, coercive use of dominant bargaining power, or other anti-competitive misconduct, but has in good faith sought to protect a legitimate business interest, consistent with reasonable standards of fair dealing." *Bdo*, at 394; *see also Gaon Wellness Acupuncture Physical Therapy & Chiropractic P.L.L.C. v. Kim Jiae*, 235 A.D.3d 491, 492 – 93 [1st Dept. 2025]. Therefore, the lack of a legitimate business interest not only makes a non-compete unenforceable under the *Bdo* three-prong test but would also preclude a partial enforcement of the non-compete as a necessary aspect of the test for partial enforcement.

Plaintiffs, in their papers, refer to specific trademarked procedures that they have allegedly trained Dr. Ansari in that they seek to protect. But these procedures are not the subject of the restrictive covenants in the Agreement. The Agreement's non-competes only protect liposuction done for cosmetic reasons under local anesthesia, which is not the specialized and

**651078/2024   MY GOALS SOLUTIONS, INC. ET AL vs. ANSARI MD, KAYVAN ET AL**          **Page 6 of 10**
**Motion No.  002**

6 of 10

[* 6]

trademarked procedures that Plaintiffs refer to in their papers and is, as Plaintiffs admit in their papers, a much broader "base" surgery. While Plaintiffs argue that Dr. Ansari's professional status affords greater latitude to the enforceability of the non-competes, even in "cases between professionals" such as doctors, a non-compete can be unenforceable when "the employees' services were not extraordinary or unique." *Harris v. Patients Med., P.C.*, 169 A.D.3d 433, 434 [1st Dept. 2019]. Here, the service of cosmetic liposuction under local anesthesia is, even by Plaintiff's admission, a "base" operation and not an extraordinary or unique service. Plaintiffs cannot have a legitimate business interest in the simple procedure of cosmetic liposuction under local anesthesia, and the trademarked procedures they refer to that would constitute a legitimate business interest are not the subject of the non-compete provisions. Because the non-competes are overbroad and on their face do not protect a legitimate business interest, they are unenforceable as a matter of law and there are no grounds for partial enforcement.

### *The Notice Provision Liquidated Damages is Not Presumptively Unreasonable*

While the restrictive covenants in the Agreement are unenforceable as a matter of law, that is not the only alleged breach of contract in the complaint. Plaintiffs allege that Dr. Ansari violated the unilateral termination provision of the Agreement and therefore Dr. Lyons is entitled to liquidated damages. Under the unilateral termination provision, either party could terminate the Agreement unilaterally provided they gave ninety days' written notice. Although not explicitly pled in the complaint, that Plaintiffs allege that Dr. Ansari failed to give such notice is reasonably inferred. Dr. Ansari moves to dismiss this portion of the breach of contract claim on the grounds that the liquidated damages provision is an unenforceable penalty. Under the basic rule, a "contractual provision fixing damages in the event of a breach will be sustained if the amount liquidated bears a reasonable proportion to the probable loss and the amount of actual

**651078/2024   MY GOALS SOLUTIONS, INC. ET AL vs. ANSARI MD, KAYVAN ET AL**          **Page 7 of 10**
**Motion No.  002**

7 of 10

[* 7]

loss is incapable or difficult of precise estimation." *Truck Rent-A-Center, Inc. v. Puritan Farms 2nd, Inc.*, 41 N.Y.2d 420, 425 [1977]. The relevant provision here imposes a fine of $1,000 per day that the notice given by Dr. Ansari falls short of the required ninety days' written notice. Furthermore, the provision in question explicitly states that Dr. Ansari agrees that the liquidated damages amount is "reasonable in consideration of the harm which will befall the Practice for any unilateral termination and premature termination."

Dr. Ansari's arguments for why the liquidated damages is unreasonable are centered around the relation between the amount of $1,000 per day and the actual value of Dr. Ansari's work as done for Dr. Lyons. But this comparison raises issues of fact, and it cannot be said as a matter of law that a liquidated damages provision of $1,000 per day for the sudden loss of services of a doctor is inherently unreasonable or disproportionate to the value of his services to the clinic. Dr. Lyons has adequately pled a breach of contract claim regarding the notice provision, and therefore full dismissal of the breach of contract cause of action would be premature.

### *Unjust Enrichment*

Dr. Ansari is moving to dismiss the unjust enrichment claim in the complaint, arguing in part that that the alleged damages are speculative, and that the only unjust actions taken were those in violation of the unenforceable restrictive covenants. The elements of a claim for unjust enrichment are that "(1) the other party was enriched, (2) at [plaintiff]'s expense, and (3) that it is against equity and good conscience to permit [the other party] to retain what is sought to be recovered." *111 W. 57th Inv. LLC v. 111 W57 Mezz Inv. LLC*, 220 A.D.3d 435, 437 [1st Dept. 2023]. The complaint alleges that Dr. Ansari "benefited to the detriment of Plaintiffs by and through the diversion of services and patients that would be otherwise to Plaintiffs." There are

**651078/2024   MY GOALS SOLUTIONS, INC. ET AL vs. ANSARI MD, KAYVAN ET AL**          **Page 8 of 10**
Motion No.  002

8 of 10

also allegations that it is being advertised that Dr. Ansari invented certain specific procedures that Plaintiffs developed, although it is unclear which plaintiff is alleged to have developed the procedures.

Regarding the first element, a "person may be unjustly enriched not only where she receives money or property, but also where she otherwise receives a benefit." *Farina v. Bastianich*, 116 A.D.3d 546, 548 [1st Dept. 2014]. Here, the benefits alleged to have been received by Dr. Ansari include training in specialized certain procedures. The damages alleged by Plaintiffs include that despite continuing to pay Dr. Ansari, he moved his work and allegedly clients to another clinic, where it is being advertised to the public that he developed procedures that he did not. These suffice to state damages. Although damages that are "too speculative to support [an] allegation that defendant was enriched at [their] expense" cannot support a claim for unjust enrichment, here the allegations in the complaint suffice, given every favorable inference, to withstand a motion to dismiss.

Regarding the element of equity, under the standards of a motion to dismiss, it cannot be said to be so clearly against equity to permit a party to retain funds that were generated by the diversion of patients from a clinic and through the improper advertising of services. Finally, the fact that Dr. Lyons and Dr. Ansari have an agreement that would govern the subject matter does not totally bar his quasi-contract claim, as such claims can be pled alternatively. *See, e.g., Georgetown Co., LLC v. IAC/Interactive Corp.*, 226 A.D.3d 429, 430 [1st Dept. 2024]. And the Agreement does not bar any claims brought by My Goals, given that as addressed above, they have no contractual privity with Dr. Ansari and are therefore unable to sustain any breach of contract claims against him. Accordingly, it is hereby

**651078/2024   MY GOALS SOLUTIONS, INC. ET AL vs. ANSARI MD, KAYVAN ET AL**
**Motion No.  002**

**Page 9 of 10**

9 of 10

ORDERED and ADJUDGED that the motion to dismiss is granted as to the first cause of action for breach of contract, to the extent it is pled on behalf of My Goals Solutions, Inc. or is based on the non-compete restrictive provisions in the agreement between James R. Lyons and Kayvan Ansari dated September 2021; and it is further

ADJUDGED that the motion to dismiss is otherwise denied.

20250610104446LFRANK72E46940B58043DD87DC450EB65931AA

**6/10/2025**
**DATE**

**LYLE E. FRANK, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | | GRANTED | DENIED | X | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

651078/2024   MY GOALS SOLUTIONS, INC. ET AL vs. ANSARI MD, KAYVAN ET AL        Page 10 of 10
Motion No. 002

10 of 10